Wafer *v.* Pratt, Sheriff, and another.

1r   41
f116  509

MAYBERY WAFER *v.* DAVID C. PRATT, Sheriff, and BERNARD
HEMKEN.

Where a sheriff is in possession of property seized under execution, he must be
considered a rightful possessor holding for the benefit of the plaintiff, until it is
clearly shown that the property seized belongs to another than the defendant from
whom it was taken.

The right of a third person to oppose an execution, is limited to the cases in which
he owns, or has a privilege on the property seized; and in the former case he must
make out a clear title in order to arrest the sale.

One who does not possess as owner cannot acquire a title by prescription.

Where vendor and vendee live in the same house, possession follows title.

APPEAL from the District Court for the parish of Claiborne,
*Campbell*, J.

*Downs, Copley*, and *Friend*, for the plaintiff.

*McGuire*, for the defendant and appellant.

MORPHY, J.  Plaintiff enjoined the execution of a writ of *fieri
facias* under which the sheriff of the parish of Claiborne had
seized and was proceeding to sell a negro man named Jim, as be-
longing to Joel Wafer, against whom defendant had obtained a
judgment; he alleges that for several years past he has had the
actual and quiet possession of the boy, and that he is the legal and
equitable owner of him.  The defendant moved the court that
plaintiff be ruled to prove the allegations in his petition, and upon
failure thereof that the injunction be dissolved with damages.  The
sheriff pleaded the general issue, averring that he seized the slave
as the property of Joel Wafer, who claimed him as owner twenty
years ago, and has continued to own him ever since, though he per-
mitted the plaintiff, his brother, at whose house he frequently lived,
to have the services of the boy and of other property of his, but
that plaintiff never claimed to own this slave until the institution of
defendant's suit against his brother, Joel Wafer, about one year ago.
The judge below made the injunction perpetual, from which decree
the defendants have appealed.

It appears to us from the testimony on record that the court erred.
When the sheriff is in possession of property by virtue of a seizure
under execution, he must be considered as a rightful possessor hold-
ing for the benefit of the plaintiff in the writ, until it be clearly

shown that the property seized belongs to another person than the defendant from whom it may have been taken.   The right of a third party to oppose an execution is limited to cases where he owns the property or has a privilege on it.   When the former ground is assumed, the person making the opposition is in the position of a plaintiff in a petitory action ;  he must make out a clear title, otherwise he must  fail  in  his attempt  to arrest  the sale.  Code of Pr., art. 396 ;  5 Martin, 268 ;  8 Martin, N. S., 661.

On the trial the plaintiff in injunction exhibited no title whatever to the slave in question ;  on  the  contrary, the evidence by him adduced shows that as far back as  1819 or 1820 Joel Wafer brought this slave to Arkansas as owner, before the plaintiff himself went to that  State.   That since then the plaintiff and his brother, Joel Wafer, have almost constantly lived together either in Arkansas or in Louisiana, and  particularly during the last ten or twelve years. The  long possession then  which plaintiff has  shown cannot avail him, because  he did  not possess as owner, and his possession was not exclusive.   If he had acquired any title to the slave from Joel Wafer, his other brother Thomas Wafer, and his brother-in-law who testified as to  his  possession,  could  have proved it,  as they lived together for a number of years ;  but as no transfer to plaintiff is  shown  of  whatever  right  or  title Joel Wafer originally had to this slave when he took him to Arkansas, we  are  bound  to believe  that plaintiff did not  possess him as owner,  and  could not therefore  acquire title  to him  by prescription. Civ. Code, arts. 3399, 3409, 3476, 3439.

We  have held that when a vendor and vendee live in the same house, possession follows title.  3 Martin, N. S., 337.   The testimony moreover shows  that the plaintiff began  to claim to be the possessor of the slave as owner only since his return from Arkansas in 1828;  from which time the prescription provided for by art. 3439 has not taken place.

It is therefore ordered that the judgment of the district court be reversed ;  and  proceeding to give such judgment as  should have been rendered below,  it is adjudged that the injunction be dissolved, and that the plaintiff and appellee pay costs in both courts.