No. 2053.—THE STATE *v.* PETER COOK.

What a deceased witness testified on a former trial in a criminal case may be proved by a witness who was present and heard the deceased witness testify. The witness giving evidence of what the deceased witness testified to on a former trial must, however, give his evidence from his own recollection. If the witness who heard the deceased witness testify on the former trial be the attorney of the accused on both trials, the State, nevertheless, has the right to have his testimony on this point, his recollection of all the important facts testified to by the deceased witness in favor of his client being presumed.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey*, J. *J. C. Stafford*, District Attorney, for the State. *W. B. Robertson*, for defendant and appellant.

WYLY, J. The defendant having been convicted on an indictment for robbery and sentenced to imprisonment at hard labor for seven years, has appealed.

Our attention is directed to a bill of exceptions taken by the defendant to the ruling of the court in receiving the testimony of E. W. Robertson to prove what was sworn to on a former trial between the same parties on a charge for the same offense by the witness, Mrs. Lizzie Clark, since deceased.  The objections to the testimony stated in the bill are:

*First*—The witness, Robertson, is the only counsel of the defendant, and he would be deprived of counsel while he was on the witness stand.

*Second*—He would be deprived of his right to meet the witness face to face upon this trial.

*Third*—Because the witness stated he could not remember the whole of the testimony or all the facts sworn to by the said Mrs. Lizzie Clark, alleged to be dead.

*Fourth*—Because the witness could not discriminate between all the facts sworn to by the said Mrs. Clark in her testimony in chief and on cross examination, nearly two years having elapsed since the testimony of Mrs. Clark was given, and witness not having taken notes.

The reasons assigned in the bill by the judge in support of his ruling are, viz:  "The rule of evidence permitting the introduction of evidence of what was sworn to on a former trial between the same parties by a witness since deceased, would be, in my judgment, of but little importance if it required an infallible memory; the witness can only testify to the best of his recollection.  The witness having been of counsel in the former trial and at all times since, able, alert and active in the defense of the prisoner, was rightly considered by the district attorney, I think, as being most of all competent and proper to give the substance of the deceased witness' testimony; and as his recollection corresponded with that of the district attorney, I am of the opinion that had the witness been living and present at the trial, she would have varied in no material respect from the testimony of Colonel Robertson either in her examination in chief or in her cross examination.  Besides it is not likely that the counsel for the prisoner, able and efficient as he is, would have forgotten any important fact in favor of his client, and is too honorable at the same time not to testify just as fully as he could, from his recollection, what she said in favor of the State.  For these reasons I thought it my duty to overrule the objections of the counsel and to admit the evidence under the authority of the rule."

We think the court did not err in receiving the testimony.

What the deceased witness testified at the former trial, it was competent to prove by any person swearing from his own memory; and the recollection of the counsel of the prisoner of all the important facts in favor of his client is presumed to be as good as that of any other person hearing the declarations of the deceased witness.

Mr. Greenleaf, in his work on evidence, says: "The chief reasons for the exclusion of hearsay evidence are the want of the sanction of an oath and of any opportunity to cross examine the witness. But where the testimony was given under oath in a judicial proceeding in which the adverse litigant was a party, and where he had the power to cross examine and was legally called upon to do so, the great and ordinary tests of truth being no longer wanting, the testimony so given is admitted after the decease of the witness in any subsequent suit between the same parties."

And the same author also says: If the person called to prove what a deceased witness testified on a former trial be required to repeat his precise words, the effect would be to exclude this sort of evidence altogether; it is sufficient if the witness can state the substance of the testimony given at the former trial. Greenleaf on Evidence, vol. 1, pp. 193, 194, 195, 196.

The district judge did not err in receiving parol proof to establish the fact that Mrs. Lizzie Clark was dead, and the bill of exceptions taken thereto by the defendant was not well taken.

The motion in arrest of judgment on the ground that the indictment is materially and substantially defective and is not drawn up according to the form of the common law of England, was properly overruled by the judge; all the substantial averments necessary in an indictment for robbery are clearly set forth and the indictment is sufficiently formal.

It is therefore ordered that the judgment appealed from be affirmed, with costs.