No. 7825.

SPENCER FIELD vs. DANIEL WEAVER.

A issued executory process on mortgage note made by B. The latter enjoins on the ground that the note has been placed by himself in A's hands as a deposit, and that the note was extinguished by payment before said deposit. B in his injunction suit claims damages against A. Under a different judgment in favor of A against B, the former seizes all the right, title and interest of B in his injunction suit and becomes adjudicatee of the same. Whereupon A, upon proof of the adjudication, obtains *ex parte* an order of court by which the injunction suit is discontinued, and he proceeds with his executory process.

*Held,* that A acquired nothing by the adjudication but the claim for damages—that B had no property in his own extinguished note, and that the discontinuance *ex parte* of the injunction suit was illegal. Case remanded.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

Bentinck Egan for Plaintiff and Appellant.

Chas. F. Claiborne for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J, Weaver, as holder of mortgage notes made by Field, issued executory process against the mortgaged property owned by

NEW ORLEANS, DECEMBER, 1880.

Field. Field brought this suit to enjoin the executory process, alleging that the mortgage notes were held by Weaver merely as depositary for him (Field) who had himself acquired them after issuance, whereby the notes and the martgage given to secure them were extinguished by' confusion. He prayed for injunction, for judgment declaring the notes and mortgage extinguished, and for damages.

Weaver, as owner of another monied judgment against Field, issued execution and seized all the right, title and interest of Field in and to the claim, and to the notes and to the damages set forth and described in this injunction suit of Field vs. Weaver. At the sale thereof, Weaver himself became the purchaser.

He then appeared in this suit of Field against himself, and presenting the sheriff's adjudication of Field's right therein, and suggesting that, by his purchase thereof, the litigation was ended, on his *ex parte* motion, without notice to Field, the judge rendered and signed judgment ordering " that the injunction herein issued be dissolved, and that the writ enjoined be proceeded with, and this suit dismissed."

From this judgment Field has taken the present appeal.

We think it very clear that the judgment cannot be sustained.

By the sheriff's sale, Weaver acquired only such rights of Field asserted in the suit as could be sold. He did not acquire any right in and to the notes as property, because Field did not assert any ownership of, or property in, the notes, but contended that the notes were no longer in existence as property, but had been extinguished by confusion. The only rights he asserted in the suit in reference thereto were the rights to have the notes and mortgage not extinguished—because he averred that they had already been extinguished—but simply declared extinguished. He could not assert a right of property in his own notes. An additional right claimed by Field in the suit was the right to enjoin and restrain the seizure and sale of his property under a pretended debt and mortgage which he averred had been extinguished and did not exist.

We are clearly of opinion that such a right cannot be seized and sold. It is a right inherent in, and dependent upon, the right of property, and incapable of being seized and sold separate from the property itself. Until Field was divested of the property itself, his right as owner to maintain and protect his possession and prevent depredation could not be sold. The case would not have been different had Field's suit been for an injunction to prevent Weaver from unlawfully tearing down a wall upon his property. Could Weaver, as a creditor, seize and sell such a right, and, as purchaser, acquire the right to tear down the wall? The right of property includes many incidental rights, inseparable from ownership, and incapable of being seized or sold separately from the property, and this is one of them. The objection to questioning a judi-

cial sale collaterally has no application here. A sale of what, in its nature, cannot be sold is such an absolute nullity that it can have no effect whatever and does not require to be annulled.

The only claim of Field in the suit, which could be sold, was his claim for damages, and that was the only thing that Weaver acquired under the adjudication.

It is further properly objected that the court committed error in entering judgment dismissing the suit on the *ex parte* motion of Weaver without notice to Field. The latter's suit could not be dismissed without his consent, express or implied, except by judgment rendered contradictorily with him, however clear, apparently, might be the title of Weaver to claim such dismissal. It is said that if Weaver had presented a written transfer signed by Field of all his right as plaintiff in the suit, on proving the signature, notice to Field would have been unnecessary. This may be true—but only because Field's consent to Weaver's doing as he pleased with the suit would be implied from his voluntary transfer. Although the sheriff's sale is entitled to the same effect as the voluntary sale so far as transfer of title is concerned, it does not include the same implication of waiver of notice. The court had no more right to enter judgment declaring the rights of plaintiff in the suit extinguished by confusion as the result of Weaver's purchase, without notice to Field, than it would have had to declare the notes in possession of Weaver extinguished in like manner on the mere presentation of Field's petition, without notice to Weaver.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the cause be remanded to be proceeded with according to law—appellee to pay costs of this appeal.

The Chief Justice recuses himself, having been of counsel in the case.

---

### DISSENTING OPINION.

POCHÉ, J. I dissent from the opinion of the majority of the Court in this case, on the ground that we cannot on appeal from a judgment giving effect to a judicial sale, examine into the legality of the sale, and much less into the legality of the sheriff's seizure.

The only remedy in law for a party who is aggrieved by a seizure is by injunction, and in case of a sale his remedy would be by direct action of nullity coupled with an injunction.

In deciding that the rights of Field to his injunction suit were not liable to seizure in this proceeding, we virtually reopen and investigate collaterally the sale of the sheriff, and annul the same in some of its effects in an unwarranted manner. 6 R. 100 ; 27 A. 703.

I cannot concur with the majority in the opinion that Weaver, as the adjudicatee under the sheriff's sale of Field's right and claim in his suit in injunction and damages, could exercise no rights under his purchase, without notice on Field as the former owner, now expropriated.

The sheriff's deed under our laws makes proof of all it contains, with as much authenticity as a notarial act, and by virtue of the sheriff's sale subrogating Weaver to all of Field's rights, including his right of action in his suit, the latter ceased to be the plaintiff in the action, and Weaver as the subrogee could dispose of the suit at his option.

I respectfully submit that the majority of the Court in trying to establish a difference in the nature of a transfer of rights on property when made by the owner himself, or when made by a sheriff in execution, is attempting to make a distinction without a difference.