No. 10,079.

R. F. HARRISON, RECEIVER, vs. CITY OF NEW ORLEANS.

Under the provisions of Act No. 16 of 1875, the city of New Orleans is required to pay certain officers and members of the Metropolitan police, and has no right to deduct disbursements from the taxes collected for that institution for the payment of such parties, for services rendered subsequent to the law.

The city of New Orleans is not liable for taxes collected for that force, by defaulting sheriffs, simply because it allowed them privileges for accelerating the payment of such and her own taxes from delinquents.

An expert appointed by a party to make researches deemed necessary for his defense, must be paid by that party.

APPEAL from the Civil District Court, Parish of Orleans
Tissot, J.

*Bayne, Denegre & Bayne* and *E. E. Moise* for Plaintiff and Appellee.

*W. H. Rogers,* City Attorney, for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for the recovery of the amount of taxes collected by the city of New Orleans under the laws relative to the Board of Metropolitan Police for the years 1874, 1875 and 1876.

The defense admits the levy of the taxes, but avers that the amounts collected have been accounted for.

From a judgment for $24,940 against her, the city appeals.

The plaintiff joins in the appeal, asking an increase of the judgment to $40,512.46, with interest.

Two experts were appointed to examine the books of the city, and they made separate reports, agreeing, as far as the figures go, but disagreeing as to the credits which the city claims.

The plaintiff claims that for 1874, the city has collected the
sum of............................................$539,273 18
and, after allowing a credit of.......................... 532,258 01

that he is entitled to the difference...................... $7,015 17

On the other hand, the city claims to be entitled to a credit for payment in excess of receipts, $10,698.00.

The aggregate of those differences is $17,713.17.

The city claims to have paid for the sanitary
police....................................$16,402 54
and not to be liable for taxes collected by
Sheriff Gauthreaux, which she never re-
ceived................................. 1,310 63

$17,713 17   $17,713 17

For 1875, the plaintiff claims that the city has on hand....$15,591 12
of that sum, the city's expert concedes........$12,186 95
but the city refuses to be held liable for the
difference, the same being for collections of
Sheriff Gauthreaux........................ 3,404 17

$15,591 12   $15,591 12

For 1876, the plaintiff charges the city with..............$17,906 17

The city's expert concedes...................$12,752 55

but the city declines liability for the difference, .

   which consists of amounts collected : By

   Sheriff Gauthreaux........................ 3,826 49

   Sheriff Waggaman......... ..... ............ · 1,026 13

and that the fund must be charged with fee of

   expert, to examine the books of the Board..   300 00

                                               $17,906 17   $17,906 17

From this statement, it is apparent that the only questions to be decided are :

1. Is the city entitled to the credit of $16,402.54 claimed to have been paid by her to the sanitary police.

2. Is the city to be held liable for the amounts collected and not paid over by the defaulting sheriffs, $6,163.27.

3. Is the fund chargeable with the fee of the expert appointed by the city to examine the books of the Board, $300.

### I.

The bill presented by the city to show payment of the Metropolitan police, runs from August, 1875, to June 22d, 1876, and aggregates $16,402.54.

Under the provisions of Act 16 of 1875, approved March 24 and promulgated April 4 of the same year, it was directed that the officers and members of the Metropolitan police force detailed permanently with the Board of Health and to each of the municipal courts, shall be paid by the city of New Orleans. This meant clearly, shall *not* be paid out of the Metropolitan police fund, but by the city out of other funds. There is nothing to show that of this amount, any part was expended for any liability anterior to the passage of the law.

### II.

The next question is : Whether the city is liable for the amounts collected by the two defaulting sheriffs, and which never came to her hands.

The ground upon which the city is sought to be made responsible, is, that she constituted the sheriffs her agents, to collect by special contract, and that their delinquency is attributable to her.

The authority relied on in support of this position is the ruling in Frank & Co. vs. Chaffe & Sons, 34 Ann. 1203, in which sureties of a sheriff were released from liability, because he had acted as the agent of the litigants, under their consent, to sell some property attached.

The Court well held that, in doing . so, he did not act as *sheriff*, and hence that the sureties could not be held.

The authority has no application to the facts of this case, which are simply that, in order to accelerate the collection of all back taxes, which, it would seem, were not actively prosecuted, for want of means in the city to pay the costs and expenses for so doing, the council passed an ordinance authorizing the sheriff, who had the writs in hand, to proceed *as such* with the execution of the same, and even to employ counsel and to defray the disbursements and collect the fees from the surplus—i. e., not out of the capital due for taxes. This they did in the line of official collection.

Under such circumstances, clearly the city cannot be held responsible.

### III.

As to the item of $300 for the expert employed for the examination of the books of the Board, it does not appear just that it should be charged to the plaintiff's account. The city is in no better condition, in that respect, than any other defendant. If she had researches to be made, she must pay those whom she entrusted with the duty. Had the plaintiff failed altogether, a question quite different might have been presented.

The district court allowed the amount reported by the city's expert, $24,940.40 ; but without the interest, to which plaintiff is entitled.

By disallowing the two items for which the city claimed credit, $16,402.54 and $300, the amount of the judgment ought to be increased by $6,004.54.

It is, therefore, ordered and decreed that the judgment appealed from be increased to thirty thousand nine hundred and forty-four dollars and ninety-four cents ($30,944.94), with legal interest from judicial demand ; and that, so amended, it be affirmed with costs.