PROYOSTY, J.
The plaintiff receiver was appointed at the request of the city of New Orleans for the purpose of receiving from her and distributing to the creditors of the late metropolitan police board the funds derived by her from taxes, which in obedience to the statute creating said board she had imposed for the use of said board, and subsequently collected. A certain amount has heretofore been paid over by the city to the plaintiff receiver and distributed, and the present suit is for the remainder of the funds thus collected by the city. The amount thus due has been ascertained by experts from the books of the city, and there is no question as to the correctness of the figures; but the city makes several defenses on other grounds.
The first of these defenses is that the powers of the plaintiff receiver are restricted, by the order appointing him, to the taxes imposed for the years 1869 to 1876, inclusive, and that the suit is also for the taxes of 1877.
This defense is utterly without merit. The judgment fixing the powers of the receiver expressly includes the year 1877, and that judgment was affirmed without qualification by this court.
The second defense is res judicata, based on the decision of this court in the case of Harrison, Receiver, v. City, 40 La. Ann. 509, 4 South. 133.
That suit was for the principal of the taxes collected for the years 1874, 1875, and 1876. The power of the receiver was then limited to those years, and he brought suit and recovered only for those years. His powers were subsequently enlarged so as to include all the years during which the city, in obedience to statute, had imposed taxes for the use and benefit of the police board. The particular taxes claimed in that suit are not being claimed in the instant suit. Hence there is no res judicata; the thing claimed not being the same.
*510 The next defense is the plea of payment. This defense is devoid even of color. In satisfaction of the apportionment of 186S the city offered bonds to the police board. Having the right to demand cash, the board refused to receive the bonds. Thereupon the city discounted her bonds to the amount of -$S05,635, at a loss of $204,288.11, in order to meet the obligation she was under of paying the board in cash. It is this $204,288.11 thus lost in 1868 or 1869 that is now pleaded in payment of the plaintiff’s claim.
The next defense is prescription of one year. The city has held these funds as trustee, and therefore cannot invoke prescription. De St. Romes v. Cotton Press, 20 La. Ann. 381; Neel v. Hibard, 30 La. Ann. 808; Wafer v. Pratt, 1 Rob. 41, 36 Am. Dec. 681; Hood v. Segrest, 12 Rob. 210; Armant v. Railroad Co., 41 La. Ann. 1020, 7 South. 35; Grayson v. Mayo, 2 La. Ann. 927; Hinson v. Hinson, 10 La. Ann. 580; Haynes v. Harbour, 14 La. Ann. 238.
We do not think, however, that the city is accountable for more than she actually received. She made an agreement with the sheriff by which she, on her part, should not be called upon to pay any costs, and the ■sheriff, on his part, should retain all the interest he might collect on back taxes. This agreement has already had the sanction of this court. Harrison v. City, 40 La. Ann. 509, 4 South. 133. All interest thus abandoned to the sheriff must therefore be deducted from the amount allowed plaintiff. This interest, amounting to $12,607.05, must be deducted from the judgment.
Also the judgment allows legal interest from the date of the filing of a suit by Harrison, receiver, the predecessor of the present receiver, against the city, in the federal court, upon the same demand. Harrison was rightly held by that court to have been without authority to make the demand. Hence his ■demand must go for naught, and interest be computed from the demand made by the present suit.
It is therefore ordered, adjudged, and decreed that the sum of $12,607.05, representing the interest collected by the sheriff, and retained for his fees, be deducted from the judgment appealed from, and that interest run on said judgment from the date of the filing of the present suit instead of from the date fixed in said judgment, and that as thus amended said judgment be affirmed; the defendant to pay costs of lower court, and the plaintiff those of appeal.