(56 South. 433.)

No. 18,663.

STATE ex rel. BRITTIN v. CITY OF NEW ORLEANS.

(Oct. 30, 1911.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 902*)—WARRANTS—TRANSFERS—RIGHT TO INTEREST.

Where A. sold to B. certain Metropolitan police board warrants, reserving all interest collected on the same, if any should be paid, A. cannot recover of B. without showing that interest on the warrants has been collected.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 902.*]

2. MUNICIPAL CORPORATIONS (§ 904*)—WARRANTS—TRANSFERS—RIGHT TO INTEREST.

Where taxes were collected by the city of New Orleans to pay the face of all warrants of that kind, and a judgment was rendered against the city for the amount of such taxes, with legal interest from judicial demand, and the total proceeds of the judgment was insufficient to pay the face of the outstanding warrants, *held*, that such interest cannot be considered as interest collected on the warrants, and that the total fund to be distributed should be applied to the payment per tanto of the principal of the warrants. *Held*, further, that the city of New Orleans quoad such warrants issued by a state agency was a mere trustee for the collection of taxes.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 904.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the State, on the relation of A. Brittin, against the City of New Orleans. From a judgment on the account and tableau of distribution, filed by the receiver of the Metropolitan Police Board, and oppositions thereto, Isidore Newman & Son appeal. Modified and affirmed.

Dart, Kernan & Dart, for appellant Newman & Sons. Chas. Louque, Jessy Benedict Gessner, Girault Farrar, and Dinkelspiel, Hart & Davey, for appellee.

LAND, J. The receiver of the Metropolitan police board filed his account and tableau of distribution, in which he proposed to distribute a balance of $119,324.74 among several hundred holders of certificates and warrants issued by said board many years ago. The principal of these debts amounted to $168,629.10, and interest allowed by receiver to $288,783.55. Isidore Newman & Son representing Isidore Newman, Sr., deceased, figured on the account as the holders of certificates and warrants to the amount, in principal, of $28,261.88, and of interest thereon amounting to $49,244.48.

The fund was insufficient to pay the principal of said debts, and the receiver proposed to add the interest to the principal of each debt, and to distribute the fund pro rata.

Newman & Son opposed this plan of distribution, and contended that the fund should be applied pro tanto to the payment of the principal of the debts.

John Klein & Co., in liquidation, filed an opposition, claiming ownership of $27,659.34 out of the amount allowed Isidore Newman, Sr., on the account. This claim is based on a written contract, made in April, 1892, by which the opponents transferred to said Newman $11,961.97 of certificates, with reservation of the interest thereon, and on a de-

posit, made at the same time, of $2,188.92 of certificates, to secure the payment of certain attorney's fees. The opponents claim the principal of the certificates so deposited, with interest thereon. It thus appears that the claim of these opponents is made up of interest, less $2,188.92, principal. Klein & Co. contended that the total fund to be distributed should be imputed to the payment of interest. Later said firm filed another opposition, claiming the ownership of all the items on the account in favor of the estate of Isidore Newman, Sr.

After the trial had proceeded for a while, arrangements were made between counsel to permit a distribution to be made to all other parties in interest under the account, by reserving a sum sufficient to meet the Newman claims under any view that might be taken of the respective rights of the parties; the whole without prejudice or estoppel to the Newman opposition. Distribution was made pursuant to the agreement, and the main issue was narrowed down to a contest between Isidore Newman & Son and John Klein & Co., in liquidation.

Judgment was rendered to the effect that Newman & Son should receive the dividend on the principal of the certificates purchased from Klein & Co. in 1892, and Klein & Co. should receive the interest dividend on the interest on said certificates, being the respective amounts of $3,078.84 and $5,387.97. It was further adjudicated that the certificates, amounting to $2,188.93, transferred to Newman as security for the payment of attorney's fees belonged to Klein & Co. As the fees slightly exceeded the dividend on said certificates, a judgment was rendered in favor of Newman for the excess.

Newman & Son appealed. The appellees have asked no change of the judgment, and the appellants have confined the discussion of the case to two issues: One between them and Klein & Co., growing out of the contract of 1892, and the other between them and the receiver, on the question of interest and the proper distribution of the funds.

On April 13, 1892, Klein & Co. and Isidore Newman, Sr., exchanged the following writings:

"We have this day sold to Isidore Newman, Sr., $11,961.97 Metropolitan certificates of 1874 with the understanding and agreement that we are to pay Messrs. Rouse & Grant their contingent fee of fifteen per cent. for the collection of the same from the city, and we are to receive all interest collected on the same, if any is paid.

"We have deposited with Isidore Newman, Sr., $2,188.93 of transfers of claims on the Metropolitan police roll of December, 1876, as security for the above fifteen per cent. to be paid by us."

"I have this day bought of John Klein & Co. $11,961.97 Metropolitan police certificates of 1874 with the understanding and agreement that they are to pay Messrs. Rouse & Grant their contingent fee of fifteen per cent. for the collection of the same from the city, and they are to receive all interest collected on the same, if any is paid.

"They have deposited with me $2,188.93 of claims on the Metropolitan police roll of December, 1876, as security for the above fifteen per cent. to be paid by them."

At the date of this contract, there was pending in the United States Circuit Court for the Eastern District of Louisiana the suit of Benjamin v. City of New Orleans, for an accounting of all taxes collected for the payment of outstanding certificates issued by the Metropolitan police board. Klein & Co., as holder of certificates for 1874 to a large amount, was an intervener in said litigation.

Newman was also an intervener, as holder of certificates for 1874 and other years. The law firm, of Rouse & Grant represented Benjamin, Klein & Co. and other interveners. The certificate holders claimed interest on the certificates. When the contract in question was made, the master was engaged in hearing evidence on the main demands of the plaintiff and interveners. Later the master filed a report, holding the city liable for legal interest on all the certificates from the end of the year in which they were respectively issued. The Circuit Judge refused to confirm the report in this respect, and ruled that

the city was liable for interest on the certificates from judicial demand. It thus appears that the question of the liability of the city for interest on the certificates was being litigated at the time the contract was made between Newman and Klein & Co. in April, 1892. Both were parties to the litigation, and must have known that the liability of the city for interest was one of the disputed issues in the suit. The liability of the city for an accounting for taxes actually collected to pay said certificates does not seem to have been seriously disputed. By the terms of the contract between Newman and Klein & Co., the former was to receive whatever amount might be collected from the city on the principal of the certificates, and Klein & Co. was to receive whatever amount might be collected from the city on the interest. The doubt as to the collection of interest is implied by the words "if any be paid." The contract separated the principal from the interest. If the judgment of the United States Circuit Court had not been reversed, Klein & Co. would have been entitled to whatever interest from judicial demand might have been collected under the decree from the city of New Orleans. The long litigation over these certificates terminated in the final judgment, rendered in favor of the plaintiff, in the suit of Hubert, Receiver, v. City of New Orleans, 116 La. 507, 40 South. 853, for taxes collected, with interest thereon from judicial demand, and costs, making a gross total of $169,566.59. Under the contract of April, 1892, Klein & Co. is not entitled to any portion of the amount collected on the principal of said certificates.

In the Hubert Case, supra, it was held that interest on taxes collected must be computed from the judicial demand made in that suit. Hence the city of New Orleans, under said decree, refunded the taxes collected to pay the principal of the certificates, with legal interest from judicial demand.

In the Benjamin suit, Judge Billings decided that the city of New Orleans should pay interest on each certificate from judicial demand. That judgment was subsequently reversed on other grounds. In the Hubert Case, supra, no interest was claimed on the certificates, but was allowed on the taxes from judicial demand. The certificates were not debts of the city of New Orleans, but of the Metropolitan police board, a governmental agency of the state, and if any interest was due on said certificates it was due by the board or by the state, and the sovereign pays no interest, unless so stipulated. The city was never called upon to levy taxes to pay interest on such certificates. In Smith & Co. v. New Orleans, 27 La. Ann. 187, it was held that the city was not bound to pay interest on warrants which bore no interest, where the statute was silent as to interest. Under this view of the case, Klein & Co. cannot, under the terms of the contract, claim interest which has never been paid.

[1] The arguments, oral and written, of the learned counsel representing the appellees have had our attentive consideration. The contention of counsel for Klein & Co. is epitomized as follows:

"The right to the principal and the right to the interest are equal rights and of equal high standing, and, as they are to be paid out of a fund insufficient to pay them in full, they must be paid ratably."

The answer is that by the contract between the parties Klein & Co. was to receive the interest *paid or collected* on the certificates, and nothing more. The further contention that Newman & Son are estopped by the *consent* judgment of distribution among other creditors is without merit, because their consent was given subject to the reservation that they should not be estopped.

[2] The further contention that Newman & Son did not contest the allowance of interest made to them on the receiver's account is also without merit. The prayer of their opposition is that "the said account be altered and modified so as to strike out the allow-

ance of interest and to apply the entire fund, out of which the said interest is attempted to be paid, to the payment and extinguishment of the principal obligation." The prayer of Klein & Co. was that the interest allowed Newman & Son on the account should be first paid, and that they should receive the dividend on the interest on the certificates, amounting to $11,961.97. As no interest has been paid or collected on the certificates in question, we think that Newman & Son are entitled to that part of the fund which was awarded in the judgment below to John Klein & Co. We are further of opinion that the interest on the taxes collected by the city of New Orleans to pay the principal of the certificates must be considered as taxes, on the principal of "res accessoria rem principalem sequitur." As no interest on the certificates have been collected, the fund before the court should have been distributed as prayed for by Newman & Co.

It is therefore ordered that the judgment below be amended by striking out that portion of the decree awarding the sum of $5,387.97 to John Klein & Co., and that said judgment be further amended by ordering said sum to be paid to Newman & Co. as a portion of the dividend belonging to them; and it is further ordered that, as thus reversed in part and amended, said judgment be affirmed, reserving the right of Newman & Son to require a further accounting and distribution by the receiver, as prayed for in their opposition. Costs of appeal to be paid by the appellees.