(61 South. 732.)

No. 19,794.

GARLICK v. WILLIAMS MEDICAL & SURGICAL INSTITUTE et al.

In re GARLICK.

(March 17, 1913. Rehearing Denied April 14, 1913.)

*(Syllabus by Editorial Staff.)*

1. EXECUTION (§ 145*)—SEIZURE OF RIGHT OF ACTION—SUBSEQUENT CONTROL.

The seizure of the rights of a plaintiff in a suit deprives him of subsequent control over such suit.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 376–380; Dec. Dig. § 145.*]

2. EXECUTION (§ 145*) — SEIZURE OF RIGHT OF ACTION.

A custom in the parish of Orleans to allow a plaintiff whose interests in a suit were seized to continue to control it to judgment does not have the force of law.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 376–380; Dec. Dig. § 145.*]

3. EXECUTION (§ 145*) — SEIZURE OF RIGHT OF ACTION — DUTY OF SHERIFF — PROSECUTION OF SUIT.

While the Code does not expressly impose upon the sheriff the duty to prosecute a pending suit which he has seized under legal writ, it might be his duty to do so where a delay might prejudice the rights of the debtor whose interest in the suit was seized.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 376–380; Dec. Dig. § 145.*]

Action by Junius Garlick against the Williams Medical & Surgical Institute and others. Judgment for plaintiff, who levied on the rights of defendant Leon Williams, plaintiff in another action. Garlick applies for writs of certiorari and prohibition. Writs granted.

H. W. Robinson, of New Orleans, for applicant. James McConnell, Jr., of New Orleans, for respondent.

PROVOSTY, J. A writ of fieri facias was issued on a judgment obtained in the above-entitled suit, and under said writ the rights, title, and interest of one of the defendants in this suit, Leon Williams, as plaintiff in another suit pending between him and Whitaker and Richardson, were seized. Williams sued out an injunction against the seizure. On a rule taken by Garlick, the seizing creditor, this injunction was dissolved. From the judgment dissolving the injunction, Williams took suspensive and devolutive appeals, and perfected same by giving bond, and filed the record of the case in the Court of Appeal. Garlick took a rule on Williams in the court which had granted the appeal to show cause why the surety on the appeal bond should not be held to be disqualified, and the appeal bond be decreed to be null, and the appeal, as a consequence, not per-fected. Judgment was rendered making this rule absolute, and annulling the bond of appeal. Notwithstanding the seizure of all his rights as plaintiff in his suit against Whitaker and Richardson, Williams caused the suit to be fixed for trial in the court of the respondent judge. When the case came up for trial, Garlick, by written motion, informed the court of the seizure, and asked that the trial of the case be not proceeded with, but that he, Garlick, be allowed the opportunity to proceed to advertise and sell the seized rights of the plaintiff in the suit, Williams, as these rights stood. The learned respondent judge was of opinion that the seizure did not deprive Williams of his right to go on with the trial of the case. None the less he reassigned it for another day, in order to afford an opportunity to Garlick to make application to this court for its decision of the point, as no harm would be done by a few days delay.

[1] The question presented is whether the seizure of the rights of a plaintiff in a suit deprives him of control over the suit. It is not denied that such a seizure is valid. Nugent v. McCaffrey, 33 La. Ann. 274; Field v. Weaver, 32 La. Ann. 1244; Safford v. Maxwell, 23 La. Ann. 347. The following, from 17 Cyc. 1089, is interesting as showing what is the common-law rule with regard to the seizure of the rights of a plaintiff in a pending suit.

"At common law causes in action were not subject to levy under execution, and now in a majority of jurisdictions they are reached by creditors' suits, garnishment, or proceedings supplementary to execution. In some jurisdictions, however, a valid levy of incorporeal rights is effected by service of notice of the levy upon the person indebted to the judgment debtor and upon the judgment debtor."

As to what, in the case of tangible property, is the effect of a seizure, with regard to depriving the seized debtor of control over the seized property, the decisions of this court are very full and explicit.

In the case of Winn v. Elgee, 6 Rob. 102, the court said:

"The possession of the judgment debtor is divested by the legal seizure under the writ of fieri facias; it is vested in the sheriff, until the property is disposed of; that officer is considered as the rightful possessor, and can maintain an action of trespass against any person disturbing him in such possession. It is made his duty to take into actual possession the thing seized. If it be a plantation, it shall remain sequestered in his custody until the sale, and he has authority to appoint a keeper, or overseer to manage it; and, if in the execution of his orders he meets with resistance, he may employ force, and summon the posse comitatus to overcome it. Prevot v. Hennen, 5 Mart. (O. S.) 268; Lacy v. Buhler, 8 Mart. (N. S.) 661; Wafer v. Pratt, 1 Rob. 42; Code of Practice, arts. 656 to 662, 762."

Thus, in the case of tangible property, the possession and control of the property is taken away entirely from the seized debtor, as an effect of the seizure, and transferred to the sheriff. Is the situation different in the case if an incorporeal right such as the interest of a litigant in a suit before judgment? The provisions of the Code furnish us with no reason why a distinction should be made between the two kinds of property, and we do not find in our reports any case where such a distinction has been recognized.

[2] The learned counsel for Williams says in his brief that in the parish of Orleans it has always been the custom, where suits were seized as in this case, to allow the plaintiff in the suit to continue to control it and prosecute it to judgment, and allow the judgment to be executed. He does not, however, invoke this custom as having the force of law, and, of course, it has not.

The learned counsel says, also, that the seizing creditor is not bound to proceed and advertise and sell the seized property but may hold it under seizure indefinitely, and thus prevent the seized suit from ever proceeding to judgment. Such is not the law. The law provides: "It shall be the duty of the sheriff, as soon as he shall have exe-

132 LA.—22

cuted the writ of fieri facias to give notice thereof in writing to the debtor," and "three days after this notice he shall advertise the sale of the seized property" for ten days in the case of movable property and thirty days in the case of real estate, and sell it. Articles 654, 655, 667, 670 C. P.

On the other hand, the learned counsel for Garlick reasons with great force that the creditor who has seized the rights of his debtor in a suit is not bound to wait until this suit has come to judgment and the judgment has been executed, in order to get his money, but is entitled to have the rights themselves which have been seized advertised and sold just as they are precisely as is done in the case of all other kinds of property; that in the provisions of the Code regulating the mode of proceeding in the disposition of property seized under fi. fa. no exception is made in favor of the rights of a plaintiff in a pending suit; that such rights are property, and have to be dealt with in the same way as all other property. That non constat that the creditor might not make good his claim by selling these rights before judgment; whereas in the event of an adverse judgment he might realize nothing from his seizure. And they suggest that by leaving the seized debtor in control of the suit an opportunity would be afforded him to defeat the seizure by not properly prosecuting the suit. That he might even collude with the defendant in the suit for defeating the seizing creditor.

[3] While the Code does not expressly impose upon the sheriff the duty to prosecute a pending suit which he has seized, we do not doubt that in certain cases it might be his duty to do so, where delay might prejudice the rights of the seized debtor.

The rule nisi herein is therefore made perpetual, and the respondent judge, Hon. Porter Parker, is directed not to proceed further with the trial of the suit of Leon Williams v.

John T. Whitaker and F. Rivers Richardson, No. 100,968 of this court, so long as the rights of the said Leon Williams in said suit shall remain under seizure in the suit of Junius Garlick v. Williams Surgical & Medical Institute et al., No. 91,041 of the docket of his court; unless, on showing made by the sheriff, it be found by the honorable the said judge that delay in the trial of said suit would be prejudicial to the rights of the plaintiff in said suit, in which event he may proceed with said suit at the instance of the sheriff, and with the sheriff in his official capacity as representing the plaintiff in said suit, subject to the right of both the seizing creditor and the seized debtor to participate in such trial in their respective interests. Costs of the present application to be paid by respondent.