# W. BORDA, Complainant,

## *v.*

# PLAZUELA SUGAR COMPANY, Dft.

San Juan, Equity, No. 974.

Dismissal of Suit—Costs.

> 1. The general rule is that a plaintiff may dismiss his suit at any time upon payment of costs, provided the defendant has not filed a cross bill or counterclaim, or otherwise raised an affirmative defense which shall not be precluded by the plaintiff.

Dismissal of Suit—Injunction Bond.

> 2. After a defendant in a suit has filed a motion to dissolve a temporary injunction, he cannot voluntarily dismiss the action without first permitting the defendant to establish the damages sustained by him as a result of the action having been brought.

Injunction Bond—In What Forum Enforceable.

> 3, 4. A Federal court will consider an injunction bond as an incident of the main suit, and within its jurisdiction, and enforceable therein.

Opinion filed July 7, 1916.

*Mr. Henry G. Molina* for complainant.

*Mr. O. B. Fraser* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this case the plaintiff sought to compel the defendant, the Plazuela Sugar Company, to deliver to him certain sugars, al-

Borda v. Plazuela Sugar Co.

leging that he supplied the money for raising them, delivered them to the said defendant for grinding, and was the party in interest as far as concerned that defendant. The bill was filed June 1, 1916, and practically at the same time the plaintiff gave a bond for $25,000, and secured a restraining order by which the sugar in stock was to be, and as a matter of fact was, delivered to the plaintiff. The condition of the bond is as follows:

"Whereas, the above-named plaintiff, Wenceslao Borda Klugkist, has obtained a restraining order herein restraining and enjoining defendant from refusing to deliver to plaintiff the sugars to which he is entitled from the sugar cane ground by defendant from the "Hacienda Esperanza" since May 20, 1916, and at present being ground by defendant as aforesaid, upon the condition that he file a bond in the sum of $25,000 conditioned to pay the damages which may be sustained by defendant as the result of the said restraining order;

"Now, therefore, the condition of this obligation is such, that if the said plaintiff, Wenceslao Borda Klugkist, shall sustain his right to the issuance of the said restraining order, then this obligation shall be void; otherwise to remain in full force and effect."

The defendant answered on June 9th, alleging that the contract in question was made with the father of the plaintiff and that the two brothers of the plaintiff claimed to be co-owners with him, and that on that account the defendant could not safely deliver the sugar to the plaintiff unless and until these two brothers were made parties to the litigation. No formal return was made to the order to show cause why an injunction should not issue, unless the answer is to be considered as such, but affidavits in support of the answer were filed by the defendant.

IX. Porto Rico.—5.

The court, upon hearing the case as so developed, on June 13th directed the plaintiff to amend or reform his bill so as to make the two brothers parties to the litigation, and stayed further proceedings for a limited time until this was done. Before the expiration of the ten days so allowed, the defendant, on June 19th, appeared and obtained leave to file a motion that the court appoint a person receiver of the sugar now in hand and to be ground under the contract in controversy. This was heard the same day, and the parties agreed that the court appoint the plaintiff as such depositary without bond, which order was accordingly entered. Now on July 3d appear the plaintiff and defendant, and the plaintiff asks leave to discontinue the cause at his costs. By agreement, this motion is treated as one to dismiss, and in open court the two brothers, Carlos and Leopoldo Borda, appear by attorney and are made parties to the litigation.

1. The general rule is that a plaintiff may dismiss his suit at any time upon paying all costs, provided the defendant has not by cross bill, counterclaim, or otherwise raised an affirmative defense which should not be precluded by the plaintiff. As it has been expressed, there appears to be no more reason why a plaintiff should not dismiss a suit after it is filed than why he should not file one whenever he sees proper. There are often difficult questions growing out of counterclaims, but no counterclaim or cross bill is raised by the defendant in this case. The defendant does not set up any claim to the sugar itself, and, on the contrary, not only desires, but has taken steps to get rid of the sugar. The defendant's sole interest is in having all parties in ownership made parties to the litigation, so as to preclude any claim in the future. It is true that the contract period has not expired, and there is possibility of controversy between the

Borda v. Plazuela Sugar Co.

parties in the future; but now that all owners have been joined in this litigation, there is no existing controversy, and no reason appears why the motion should not be granted upon the reimbursement of the defendant of its proper expenses.

2. Indeed, the matter of expenses may be said to be the gist of defendant's opposition to the motion to dismiss. Until there has been a breach of an injunction bond, no liability accrues thereon. No action can be maintained upon the bond until a final determination of the cause; but a dismissal or discontinuance of a suit by the plaintiff has the same effect as a decision of the court that the injunction was improperly sued out. 22 Cyc. 1027, 1028. This is now settled by authorities. After defendant in an injunction suit has filed his motion to dissolve the temporary injunction, the plaintiff cannot voluntarily dismiss the action without first permitting defendant to establish the damages sustained by him as a result of bringing the action. Field v. Weaver, 32 La. Ann. 1242. No motion to dissolve the injunction has been made in this case, and indeed, strictly speaking, no injunction has issued. What actually occurred was that the plaintiff obtained a temporary restraining order until the hearing of the motion for an injunction, and this restraining order necessarily lapsed after the time set for hearing the injunction, and the injunction failed to be issued. The plaintiff fully admits liability for costs, which he offers to pay, but denies any liability on the bond accompanying the restraining order, which for present purposes may be treated as in the nature of an expired injunction bond. The restraining order in question has never been revoked, and the dismissal of the case will not affect it one way or the other. Nevertheless, it was granted and was carried out, and caused the defendant some damages.

Borda v. Plazuela Sugar Co.

3. The question, in what forum liability upon an injunction bond should be enforced, is in principle not free from difficulty. When such a bond is broken, the party injured is entitled to money damages, and under constitutional requirement, in suits for over $20 the right of trial by jury shall be preserved. Amendment VII. to the Constitution. Rios v. J. Palou & Co. 7 Porto Rico Fed. Rep. 217. This is possibly what was in the mind of Chief Justice Taney in Bein v. Heath, 12 How. 168–179, 13 L. ed. 939–944, where he says that "a court proceeding according to the rules of equity cannot give a judgment against the obligors in an injunction bond when it dissolves the injunction. It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction." Subsequent consideration has shown the inconvenience of following literally the course thus indicated. One ground of the jurisdiction of the Federal court is to supply the parties litigant a forum free from the bias which may sometimes arise in local courts. It is incongruous to have the Federal court grant an injunction, which may very readily be on a matter affecting local interests, and then permit the party injured to sue in a local forum to recover damages for breach of the bond. There is a further disadvantage that a bond given in a Federal court may be for an amount below the jurisdiction of that court, that is to say, in the states below $3,000, and the result would be that under no circumstances could the injured party bring suit in a Federal court upon an obligation given perhaps to carry out a Federal right, and at least one enforceable in the Federal courts. Accordingly there has grown up in the Federal courts the practice of considering bonds of this character as incidents to the main suit and

Borda v. Plazuela Sugar Co.

drawn by the main suit within the jurisdiction of the Federal court in which they were granted. In Russell v. Farley, 105 U. S. 433–446, 26 L. ed. 1060–1064, the Supreme Court, through Justice Bradley, did not undertake to decide that the Federal court had the power to assess such damages, but did hold that if it has that power, it is in its discretion to exercise it, or leave the parties to an action at law. The settled practice has been for the Federal court to take jurisdiction of such bond if requested, and in an ancillary proceeding summarily enforce it against the sureties. Tyler Min. Co. v. Last Chance Min. Co. 32 C. C. A. 498, 61 U. S. App. 193, 90 Fed. 15, 19 Mor. Min. Rep. 525. The case of Meyers v. Block, 120 U. S. 206, 30 L. ed. 642, 7 Sup. Ct. Rep. 525, distinguishes Bein v. Heath, and declares that there can be no question as to the power of a court of equity to impose any terms in its discretion as a condition of granting or continuing an injunction. The Federal practice therefore is sustained, at least under the principle that an assessment of damages on the bond may be considered a condition precedent to dismissing the case.

4. It being settled that the court has jurisdiction for this purpose, the question arises as to the proper practice. The whole matter seems to have been covered by the submission, and there is no reason, apart from the convenience of the court, for directing a reference on the subject. No evidence was submitted as to a fee bill or other means of arriving at a proper charge. It would not appear proper, however, to assess a large sum. The damages connected with the defense of the case as a whole do not arise out of the restraining order for the delivery of sugar. No claim was, or will be, made upon the defendant by the two brothers of complainant for violation of their rights in so delivering

Borda v. Plazuela Sugar Co.

the sugar. The defense to the application for an injunction *pendente lite* did not grow out of this order, and any damages connected with that could not be assessed against the makers. Beyond securing the advice of counsel, it is difficult to see what damages arise from the particular bond in question. The only work of the attorney would be to ascertain whether the court had jurisdiction; for that assured, the order of court left no room for doubt as to the defendant's duty. It is true such consultation amounted to a retainer, as the attorney could not afterwards have accepted employment from the other side; but as he acted as counsel for the defendant in the case generally, a retainer in addition cannot be taken into account. If there had been no restraining order, everything would have been done by the defendant that actually has been done by it in this case, except the delivery of the first lot of sugar; and beyond consulting an attorney as to that, no damages were suffered by the defendant as the result of the restraining order, to the issuance of which plaintiff did not sustain his right. It would seem that $100 should ordinarily be sufficient to meet the expense of such consultation, taking the value into account and there is no evidence of any unusual circumstances. An order will therefore be entered granting the motion to dismiss upon payment of all taxable costs and $100 damages on the bond.

It is so ordered.