## No. 9533.

### SUCCESSION OF JOHN L. STERRY.

The law authorizes oppositions to accounts rendered by succession representatives to recognized heirs, ordered to be put in possession of the estate.

Such oppositions may be made either by the heirs themselves or "*other claimants*," under the express provisions of the Code of Practice.

The court before which the succession proceedings have been instituted is seized of jurisdiction from the inception to the termination thereof and is competent to pass upon such oppositions.

It appearing from the unambiguous language of a written compromise made the basis of a judgment, that the terms thereof did not embrace the thing demanded in a subsequent suit, the plea of *res judicata* is overruled.

Amount of attorney's fee fixed according to the circumstances of a particular case.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Ambrose Smith* and *H. C. Cage* for the Executor and Heirs, Appellants:

1. Judgment recognizing heirs as entitled to a succession and putting them in possession thereof, closes and terminates the succession, and the rights and obligations thereof are thereby transferred to the heirs. C. P. 1000 *et seq.*; 24 Ann. 114; 25 Ann. 56, 220; 28 Ann. 372; 30 Ann. 93, 140; 31 Ann. 506; 33 Ann. 827.

2. The account rendered by the executor to the heirs under the judgment putting them in possession of the estate, is not subject to opposition by pretended creditors of the estate. Such account is not required to be advertised, as are tableau of distribution; and no notice whatever to creditors, if any, is contemplated. C. P. 100-3-4.

3. When the heirs have been so put in possession of an estate, and the same and its administration thereby ended, all actions for debts due from the succession must be brought by direct action before the ordinary tribunals against the heirs themselves, or their legal representatives each for his virile share. C. P. 995, 996; C. C. 1422 *et seq.*, and citations in No. 1.

4. Division A, of the Civil District Court, was incompetent to entertain or determine the demand of opponent as presented in or distinct from the succession proceedings proper. Its right to take cognizance of the claim as a probate matter had ceased when the heirs were, by its own judgment, previously put in possession of the estate. Jurisdiction as an ordinary tribunal never legally attached in the mode and by the assignment and allotment prescribed by law. The court was, therefore, without jurisdiction. C. P. 996; 25 Ann. 225; 27 Ann. 686; 28 Ann. 372, on rehearing; art. 130. Const.

5. The judgment rendered on June 14, 1884, amending the tableau of June 4, under the agreement herein between the opponent and heirs constitutes *res adjudicata* as to the demand of opponent. C. C. 2285-7, 3078.

The agreement herein clearly covered and included compensation for all services performed and to be performed by opponent and must be so interpreted. C. C. 1945 to 1962, inclusive.

Compensation for services performed by opponent, if to be borne by the estate, must be estimated and fixed according to the real value of said services. The amount allowed opponent is largely excessive and should be reduced accordingly. 9 L. 284; 2 R. 406; 3 Ann. 503, 578; 8 Ann. 65; 21 Ann. 687; 29 Ann. 748.

*Andrew J. Murphy* for Opponent and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The opponent prays to be placed on the account rendered by the executor, under a judgment of court, to the heirs of the deceased.

His claim is for services rendered that functionary in a suit brought against him and the heirs, by one alleging herself to be the widow in community of the deceased.

Exceptions were filed to his opposition, resting mainly on two grounds:

1.  Want of jurisdiction in the court.

2.  *Res judicata.*

The exceptions were overruled, but with a reserve to urge them on the merits.

After trial, the court sustained the opposition, ordering the opponent to be placed on the account for the amount claimed.

The parties concerned appeal from that judgment.

### I.

The court was vested with jurisdiction over the subject-matter of the succession of the deceased and all subjects growing out of it, from the moment that the case was alloted to it, in furtherance of constitutional requirements, and that jurisdiction continues exclusively in it from the inception to the final winding up of all proceedings necessary for a liquidation and transmission of its assets, if any, to the heirs. Const. art. 130.

In the present instance, it is true that the heirs have been recognized and ordered to be put in possession, but it is equally true that the executor has not been discharged and is still acting in his official capacity.

The accounts which he has rendered and which is opposed, is that which the court directed him to submit to the heirs under the provisions of art. 1003, C. P.

That account, under the very terms of the following article, is open to opposition not only on the part of the heirs, but also of "*other claimants.*" The word is broad enough to include all creditors, as well those of the deceased as those of his succession.

The opponent does not pretend to be a creditor of the heirs, for he does not aver that he was employed by them to defend the suit of the alleged widow in community. He distinctly asserts that he was employed by the executor, who was a party to the suit and that he appeared and defended it in the name of that official, who was and has not ceased to be the succession representative.

The rights which parties may have against such representatives are

probate in character and determine only where the latter cease to have any legal existence and become *functi officio*.

Such is the clear spirit and meaning of the several articles of the Code of Practice under the title of "*settlement of successions*," ranging from article 983 to article 996.

The exception to the jurisdiction was, therefore, properly overruled.

## II.

It appears that the executor first filed a provisional account, on which he placed the attorney of the succession for $2500, on account for his professional services; that the account was then opposed by the attorney, who, on averment of his services and of their value, prayed to be placed thereon for $13,000; that the controversy, having been compromised by the executor, the heirs and the opponent, the latter was recognized as entitled to $10,000, and was by judgment of court ordered to be put on the account, but only for that sum.

It is that judgment which is invoked in support of the plea of *res judicata*.

An examination of the written compromise and of the surrounding circumstances satisfies us that the allowance of the ten thousand dollars to the attorney was designed to be in full compensation for all his services, rendered and to be rendered, to the executor, with the exception of those in the case of *Howard vs. Sterry*, for which provision was already made in the account.

The evidence establishes that, at the date of the compromise, the opponent knew that the suit of the alleged widow would to all appearances be instituted. It shows also that the services which he rendered in that case to the executor, who was a nominal party to it, as it was brought against the heirs, consisted in merely filing what is practically nothing but a denial of her pretensions, as having been the wife of the deceased, coupled with the assertion that, if she was ever such, she has ceased to be such because of the dissolution of the marriage, in due course of law, more than thirty years prior to the death of Mr. Sterry. It further shows that the suit was compromised and therefore was never tried, the services ending with the answer.

The compromise and the judgment on the opposition to the first account debar the opponent from setting up the claim urged by his opposition to the final account rendered to the heirs.

The defense of *res judicata* should have been maintained.

It is therefore ordered and decreed that the judgment appealed from be avoided and reversed, so far as it maintains the opposition thereto

and orders that the opponent be placed on the account for the amount claimed; and

It is now ordered and decreed that the exception of the *res judicata* to said opposition be sustained, and the said opposition be rejected; the said judgment in other respects to remain undisturbed, and the opponent to pay costs in both courts.

## On Rehearing.

FENNER, J. The point upon which we have reopened this case is the ruling on the plea of *res adjudicata*, based on a judgment of the Court enforcing a transaction or compromise which had been entered into between the parties.

The executor of the succession, in due course of administration, had filed a tableau of distribution, on which his attorney, the present opponent, had been placed as a creditor for $2,500, on account of services. The attorney filed an opposition to this account, claiming $13,000 for his services and praying that the tableau be accordingly amended.

Thereupon the opponent, the heirs and the executor entered into the following written compromise:

"SUCCESSION OF JOHN L. STERRY, ETC.—It is agreed herein the account of the testamentary executor herein be amended so as to place W. S. Benedict, attorney for the executor thereon, for the sum of ten thousand dollars ($10,000) instead of '$2,500 on account,' as same now stands; said fee to embrace services rendered said estate to date, excluding case of Howard vs. Sterry, for which a separate charge appears on said account, and to include services to discharge said executor on final decree placing heirs in possession."

On filing this agreement, judgment was rendered amending the tableau in accordance therewith and homologating it as thus amended.

Subsequently one Mary H. Parker, claiming to have been the lawful wife of the deceased, brought a suit against the executor and the heirs, asserting that the entire estate, valued at nearly half a million of dollars, belonged to the community subsisting between herself and deceased, and praying for a judgment putting her in possession of the whole property as owner of one-half and as usufructuary of the other half.

It is for alleged services in this suit that opponent urges his present claim, against which the above compromise and judgment thereon are opposed as *res judicata*.

Amidst the conflicting statements of the parties concerned as to the objects and purposes intended to be embraced in the written compro-

mise, and as to the oral statements attending its confection, the judicial mind can find repose only in adhering to the plain language of the writing itself. The literal terms exhibit unambiguously the services embraced therein to be: 1st, "services rendered said estate *to date;*" 2d, "services to discharge said executor on final decree placing heirs in possession."

It is very clear that services rendered in a suit such as that above described, only instituted *after* the date of the compromise, and having no connection with the usual proceedings "to discharge an executor on final decree placing heirs in possession," are not included within either of the above categories. It follows that the plea of *res judicata* must fall for lack of the essential element of identity of the thing demanded with the object of the compromise and judgment. C. C. 2286.

II.

This necessitates a consideration of the merits of opponent's demand. The heirs of Sterry, as well as the executor, were made parties to Parker's suit, and were represented by their own attorney. The estate was very large and owed no debts except expenses of administration. Manifestly the heirs were the only persons interested in the suit, and they appeared and defended in their own behalf.

The evidence satisfies us that the executor did not intend to assume the defense of the suit or to charge his attorney with the responsibility thereof, but intended to leave that matter to the heirs. When the papers were served on him in the latter part of June, not anticipating that an answer would be due before the succeeding November term of the Court, he did not deliver them to his attorney or consult him on the subject. Learning, however, that a default had been taken in the case in October, he called at his attorney's office and, not finding him, left a written memorandum directing him to file an answer of general denial and to notify the heirs to defend the suit. The answer was filed accordingly and the executor had no further consultations with and gave no other directions to his attorney about defending the case. These statements are specifically made by the executor and opponent has not contradicted them. No further proceedings were had in court, the heirs having effected a compromise of the claim for $15,000, against the advice of opponent. It appears, however, that opponent knew of the bringing of the suit and considered himself as employed under his general retainer, even before he received directions to file the answer. It further appears that before, at the time of, and after filing answer, the attorneys for the heirs had sundry consultations with him touching the case. These attorneys, who were opponent's juniors in the profession

and occupied seats in his office,· claim that these consultations were of slight importance and only such as they would have felt at liberty to have with him touching any business whatever confided to their charge. The view of opponent was different.

On the whole, the evidence satisfies us that the services actually rendered by the opponent were not laborious or important, and it appearing that it was not the intention of the executor or heirs to charge him with the responsibility of attending to this weighty suit, we think, under the peculiar circumstances of this case, that a fee of five hundred dollars will satisfy his just claim.

It is, therefore, ordered that our former decree herein be annulled and set aside; and it is now ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount allowed to opponent therein to five hundred dollars, and that, as thus amended, said judgment be now affirmed, opponent to pay costs of this appeal.