## No. 12,579.

### H. LAROUSSINI VS. PHILIP WERLEIN.

The court in the first suit decided, as to plaintiff's demand, that he (plaintiff) had no cause of action to compel the defendant to sign a contract of lease and rent notes.

This ruling did not conclude the plaintiff from prosecuting suit for any right not necessarily covered by the ruling.

Where the judgment does not decide certain issues, and this is made manifest by the decree itself, the decision will not support the plea of *res judicata.*

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Henry Denis* and *Branch K. Miller* for Plaintiff, Appellant.

*Edwin T. Merrick* and *Lazarus, Moore & Luce* for Defendant, Appellee.

Argued and submitted March 23, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

BREAUX, J. Plaintiff brought this action in Division " E," Judge King presiding, on an alleged verbal contract of lease.

Defendant averred, by way of exception: no cause of action; estoppel, for the reason that in the first suit plaintiff declared on a written lease, and in this suit he claims on a verbal lease.

The facts are that plaintiff brought suit in the first case in Division "B," Judge Theard presiding, on April 9, 1895, against the present defendant, in which he stated that the defendant had been his lessee since June 30, 1890, under the terms of a lease expiring September 30, 1895; and that in March, 1895 in anticipation of the expiration of the terms of lease, he contracted and agreed to renew the lease *for five years on the terms stated in the petition.*

He alleged substantially that the agreement of renewal was verbal, but was complete, that " in no manner to make the contract dependent upon writing;" it was understood at the time, that at some future date the evidence of renewal would be reduced to writing.

It is alleged when Werlein, the defendant, was called upon to sign he declared that he had changed his mind. He refused to sign.

In this first suit defendant in his exception averred that the petition was premature; in the second place (in the alternative) that the petition disclosed no cause of action.

Defendant admitted that he was in possession under the first lease and alleged that he desired to obtain a new contract of lease in writing, to commence after the determination of his first lease.

That he had interviews with plaintiff upon the subject and had "even fixed upon the amount of compensation" offered by him to plaintiff, but he denied that other important stipulations had been adjusted; he averred that it was understood between them that the contract was to be reduced to writing, and that no contract was to be considered as complete until reduced to writing; that he was not called upon to sign a contract of lease covering the terms and conditions as he understood them.

The judge of the District Court decided: " that as to plaintiff's demand that defendant be ordered to execute and sign a written renewal of lease, and accompanying rent notes; the exception of no cause of. action herein be maintained, and that said demand be rejected."

"As to plaintiff's demand for the recognition and enforcement of the alleged lease between himself and defendant, for the right to issue execution for amount, monthly instalment "of rent as it shall become due and five per cent. attorney's fee on the total amount of rent to become due; the exception of prematurity herein be maintained, and that plaintiff's said demand be dismissed as of *non-suit.*"

On appeal this court reviewed the issues passed upon by the District Court and entered the following decree.

" The judgment maintaining the exception of no cause of action is affirmed." Laroussini vs. Werlein, 48 An. 13.

Subsequently plaintiff filed a second suit claiming on a verbal lease as before stated, to which defendant filed an exception as already noted.

The District Court sustained the plea of res judicata.

From the judgment plaintiff prosecutes this appeal.

The object of the first suit, as we appreciated the issues, was to compel the defendant to sign rent notes and a contract of lease.

We understood that the gravamen of defendant's objection was leveled against the specific performance claimed by plaintiff. In his brief that issue was argued and attracted our attention.

The decision was that the defendant could not " be ordered and forced to execute and sign a written renewal of lease." We affirmed the decision in its entirety for reasons assigned in our opinion in the case cited supra. Our judgment applied to the issues directly adjudicated by the District Court, as shown by our quotation from the decree. The original decree of the court a qua " limited the issues in terms, and to that extent it became the decree of this court."

No other issues were included in or concluded by the judgment.

The question the court decided was: " Did plaintiff have the right to compel the defendant to sign a lease and notes for rent?" This is the question that came to us for decision from the District Court.

There was not a real trial of the matter at issue, save as made evident by the decree of that court.

The points must have been considered in order to give rise to res judicata.

The decree informs us that they were not.

The plea is not to be upheld by inference or arguendo.

In Wells, Res Judicata, p. 241; with reference to an issue growing out of a contract, the opinion was expressed:

" The court entirely ignored that defence, and did not pass upon it at all. It makes no part of the judgment rendered in the case, and hence it can not be set up as included in the judgment as an element to

support the plea of *res judicata.* Hoggatt vs. Thomas, 35 An. 298; Fink vs. Martin, 5 An. 104.

A decree of *res judicata* applies only to matters directly adjudicated.

Of two questions the court decides one only; and expressly so states; the other question remains undecided and unaffected. The plea of *res judicata* does not apply unless the decided question is inseparably connected and carries with it a decision of the accompanying question which was not in our view the case here—*i. e.*, in the pending case.

"Actually adjudicated issues must in general be involved in the final judgment in order to be conclusive." Bigelow on Estoppel' under heading *Res Judicata.*

In our judgment the basis of the first suit was deficient; the defendant could not be forced to sign the contract of lease. This conclusion did not carry with it a decision of the other issues; in case plaintiff had a right remaining in spite the fact that the defendant declined to sign the contract of lease.

The counsel for the defendant argued that plaintiff should be estopped by judgment in the former suit from alleging any indebtedness of the defendant.

In our opinion there is no basis for the estoppel, for the reason that there was no adjudication in the former suit—that defendant was not indebted on any remaining claim he urges. We pass exclusively upon the question of *res judicata.*

All the other questions, both as relates to plaintiff or defendant, remain unaffected by our decree.

It is ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed in so far as it decrees that any other issue has heretofore been decided in the case (*save* that the defendant could not be forced to execute and sign a written renewal of lease and (accompanying rent note) in respect to exception in parenthesis, it is affirmed; in all other respects it is annulled, avoided and reversed.

It is ordered, adjudged and decreed that the case be reinstated on the docket, and proceeded with according to law. Costs of this appeal to be paid by appellee.

BLANCHARD, J., takes no part in the decision.