(35 South. 888.)

No. 15,103.

AUCOIN v. POLICE BOARD OF CITY OF NEW ORLEANS.

(Jan. 18, 1904.)

APPEAL—DECISIONS—EFFECT—SUBSEQUENT ACTION.

1. Where, in a mandamus proceeding to compel the reinstatement of a discharged police officer, the Supreme Court found that there was error in the final vote of the police board, and that the sentence was illegal, and thereupon ordered the officer's reinstatement, but did not consider his right to salary during the interval between his dismissal and reinstatement, the decision had no bearing on a subsequent action by the officer to recover such salary.

Action by Sergt. J. C. Aucoin against the police board of the city of New Orleans. On certificate from the court of appeals for instructions.

E. A. O'Sullivan, for appellant. Arthur McGuirk, Asst. City Atty., for appellee.

PROVOSTY, J. Sergt. Aucoin was dismissed from the police force of the city of New Orleans, and from the judgment dismissing him he appealed to this court. The sole question in the case was as to whether, on the trial before the police board, the vote of the board sitting as judges had been taken in a legal manner. In passing upon the case this court said:

"We find nothing in the proceedings on the trial prior to the board's final vote to call for any action on our part, but when we reach that point we do find illegality. Finding the sentence illegal, we have to set it aside, with the necessary result of ordering the reinstatement of the relator. We do not undertake to set aside anything back of the sentence. We do not undertake to give any directions to the board as to what course it should pursue after the reinstatement. Whether it have the right to take matters up where the final vote or sentence which has been set aside found them, or whether they will be forced, if they desire to proceed, to proceed de novo, are matters which they must themselves decide."

And the following decree was entered:

"It is therefore ordered, adjudged, and decreed * * * that the sentence of the dismissal imposed by the respondent board by its vote of the 3d of October, 1900, which is the subject-matter of this proceeding of mandamus, be, and the same is, hereby set aside, and the respondent board is hereby ordered to reinstate him upon the police force of the city of New Orleans as sergeant of police, without prejudice to any rights and remedies which the respondent board may have under the proceedings taken against him, and which are referred to in the pleadings herein."

Acting upon the intimation, contained in this opinion, that they might take up the proceedings from the point immediately preceding the vote by which Sergt. Aucoin was dismissed, the police board did so, and, by a vote regularly taken, dismissed him from the force.

Thereupon he brought suit to recover his salary from the time of his dismissal to that of his reinstatement. This suit is pending before the court of appeal, and that court certifies to this court, under article 101 of the Constitution, the following question for instructions:

"Is Sergt. Aucoin entitled to recover the

amount of his salary from the date of his dismissal, October 3, 1901, to that of his reinstatement, February 1, 1903, under the opinion and decree of the Supreme Court in 109 La. 369, 33 South. 372, ordering the police board to reinstate said Aucoin upon the police force of the city of New Orleans as sergeant of police?"

To this question we answer:

The question of Sergt. Aucoin's right to his salary during the interval of time mentioned was not one of the questions before the court in the opinion referred to, and it has not been passed on by this court. The decision referred to can have no influence on this question one way or the other.