By the WHOLE COURT.
PROVOSTX, C. J.
Havihg come to the conclusion that the judgment of., the Court of Appeal is correct in this case, we affirm it, and adopt as our own the reasons therefor as follows:
“Charles F. Claiborne, Judge. The succession of Emma Williams Martin was opened in the civil district court, under the No. 105354, and was allotted to division E. P. J..Flanagan was appointed administrator.
“Flanagan brought suit against the Land Development Company to annul a tax sale of certain property owned by Emma Williams. This suit was allotted to division A of the civil district court and bore No. 105440. There was a judgment in favor of the succession of Williams annulling the tax sale, and in favor of the Land Development Company against the succession of Williams, for the price paid by the company at the tax sale and for all other taxes paid by it. See 145 La. 843, 83 South. 39. This judgment was recorded in the district court, and by consent a rule was made absolute *209 on November 7, 1919, ordering ‘execution to issue in favor of defendant (the Land Development Company) for each and all of said itéms of taxes, interest, and costs.’
“Under this judgment the property recovered by the succession of Williams was sold under fi. fa. issued November 17, 1919. The price of sale was insufficient to satisfy the writ, leaving a balance unpaid of $171.78.
“Thereafter Planagan, administrator, filed suit against the Land Company to recover from it the rents and revenues of the property collected by the Land Development Company during its possession of the property alleged to amount to $2,970, bearing No. 131319, division E. The Land Company then issued an alias fi. fa. and caused to be seized all the rights, title, and interest of the succession in the suit against it above mentioned.
“On May 31, 1920, by order of the judge of division A, the suit of Flanagan v. Land Co., No. 105440, was transferred to and consolidated with the succession of Emma Williams, No. 105854, division E, on an ex parte application of the administrator -of said succession.
“I. On June 25, 1920, the judge of division A rescinded the above order.
“írom this judgment the succession appealed on November 15, 1921.
“II. On June 29, 1920, the succession filed in No. 105440, division A, a rule to set aside the seizure of its suit against the land company, No. 131319, on the ground ‘that the issuance of a writ of fi. fa. on an ordinary judgment against a succession is illegal, null, and void.’
“The Land Company excepted that the proceeding by rule was not authorized by law, and that the judgment heretofore .rendered on November 7, 1919, ordering the execution of the judgment of the Supreme Court, was res judicata.
“The court by judgment rendered July 19, 1920, maintained the exception of res judicata and dismissed the rule. Prom this judgment the succession appealed on November 15, 1921.
“III. On March 18, 1921, the succession filed in No. 105440, division E, a petition praying for an injunction enjoining the Land Company from proceeding under the alias fi. fa. issued from division A to sell the rights, title, and interest of the succession in its suit No. 131319 against the Land Company. A preliminary writ was issued as prayed for. The Land Company then took a rule to set aside the injunction on the ground that division A alone was seized of jurisdiction of the suit of the succession of Williams v. Land Company; that it had set aside its order transferring the case to division E; and that therefore division E had no jurisdiction of the injunction. By judgment rendered April 1, 1921; the judge of division E made the rule absolute to the extent of setting aside the preliminary order of injunction rendered March 18, 1921.
“Prom this judgment the succession appealed.
“I. Counsel for appellee argues that no appeal can be taken from an order setting aside a previous order to transfer a case from one division of the civil district court to another. In this he is right. Bajourin v. Ramelli, 34 La. Ann. 1216. If the appeal from that order was the only appeal in the case, we would have to dismiss it. But in the same case another judgment was subsequently rendered maintaining an exception of res judicata, and dismissing plaintiff’s suit. This was a final judgment, as it was the last one which could have been rendered in the case by the District Judge. Bossier Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 South. 553. Plaintilf appealed from the last judgment, and his appeal carried with it appeals from all previous interlocutory judgments. Yance v. Noel, 143 La. 480, 78 South. 741; Shroeder v. Conner, Ct. App.'
“The seizure of plaintiff’s suit was made May 25, 1920. The order to consolidate was rendered May 31, and canceled June 25; 1920, and signed November 10, 1921. The motion to set aside the seizure was made June 1, 1920.
“It is settled law that when a court is seized of jurisdiction of a subject-matter or of property, no other court may assume jurisdiction of the same matter, and that all questions of ownership of the property in the control of the court, or of privileges upon said property and its proceeds, must be determined by the court in possession of the property.
“C. P. art. 126, par. 5, provides that—
“ ‘Whenever a conflict of privileges arises between different creditors, all the suits and claims shall be transferred to the court, by whose mandate the property on which the privilege or right of mortgage is to be exercised, was first served [seized] on mesne process, or definitive execution; and said court shall proceed to class said privileges and rights of mortgage according to their rank and dignity, in a summary manner, after notifying all ■parties interested.’
“Section 10 of Buje 8 of the Buies of the Civil District Court adopted Jufie 22, 1915, reads:
“ ‘Whenever, by reason of the institution or pendency of two or more suits, by creditors claiming as against a common debtor, conflicts *211 may arise as between such creditors, whether as to the validity of their claims, or to the legality of the seizure levied, or as to the .order in which they shall be paid, and there is a common fund, which is the subject of such controversy, all such suits shall be assigned to the division first acquiring jurisdiction quoad Such funds.’
“This section has been repeated in the rules adopted October 15, 1921.
“In the case under consideration, the suit seized is in division E and so is the succession to which the fund will belong if realized.
“In McNeill’s Heirs v. Elkins’ Executor et ah, 10 La. 587, the court said that the court of probates was the proper tribunal to apply to to prevent funds of a succession from being diverted.
“As we said in our opinion on the motion to consolidate the two transcripts for the purposes of the appeal, the question involved before both divisions is whether a judgment creditor has the right to issue a fi. fa. against a succession and seize the assets in the hands of the administrator. It is to the interest of justice that this question should be referred to the judge of one division, and it is more in accordance with the rules of law and or court that the question be decided by the judge of the court having jurisdiction over the succession and its property.
“II. We do not think that the exception of res judicata should have been sustained. One of the elements of the plea is wanting. The thing demanded must be the same. In consenting that execution of the judgment of the Supreme Court take placo and that the property recovered be sold to satisfy the claims of both parties, the administrator of the succession of Williams cannot be considered as having consented that a suit which he had not then filed should be seized under an alias fi. fa. against the succession, or that the order of execution should extend to the asset. C. C. 2286 (2265).
“The right to issue the fi. fa. or to seize the assets of the succession was never raised nor passed upon. Thompson v. Nicholson, 12 Rob. 327 ; Hoggatt v. Thomas, 35 La. Ann. 298 ; Succession of Sterry, 38 La. Ann. 854 ; Laroussini v. Werlein, 50 La. Ann. 637, 23 South. 467.
“ ‘A decree of res judicata applies only to matters directly adjudicated.’ Laroussini v. Werlein, 50 La. Ann. 637, 640, 23 South. 467 ; Hubert v. City of New Orleans, 116 La. 507, 40 South. 853 ; W. K. Henderson Iron Works & Supply Co. v. Howard, 119 La. 555, 44 South. 296; Durham v. Williams, 32 La. Ann. 968.
“IH. As we have just decided that the ease of Flanagan v. Land Company, No. 105440,. division A, was properly transferred to division E, the judgment of said division E setting aside its preliminary injunction must itself be set aside.
“It is therefore ordered that the following judgments be reversed and annulled, to wit:
“(10) The judgment of division A in No. 105440, entitled Flanagan v. Land Co., rendered June 25, 1920.
“(20) The judgment of division A. in same No. 105440, rendered July 19, 1920.
“(30) The judgment of division E in the succession of Emma Williams, No. 105354, and Flanagan v. Land Development Co., No. 105440, rendered April 1, 1921.
“And it is now ordered that' the suit of Peter J. Flanagan, Adm’r, v. Land Development Co., No. 105440 of the civil district courfr, division A, be transferred to division E of said court and be consolidated with the succession of Emma Williams Martin, No. 105354 of the civil district court, division E, and that these cases be remanded to be tried according to law and to the views herein expressed, the costs of appeal to be paid by the Land Development Company, and costs of the district court to await the final determination of the suits.
“Judgments reversed and eases remanded.”
ST. PAUL and ROGERS, JJ., recused.