IDEAL SAVINGS & HOMESTEAD ASSN.
v. GOULD ET AL.

---

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)
(February 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

---

H. W. Robinson and Pierre D. Olivier, of New Orleans, attorneys for plaintiff, appellee.

F. Rivers Richardson, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Defendant Gould had for many years been secretary-treasurer of the Ideal Savings & Homestead Association. It was discovered that there were large discrepancies in his accounts, and that he was indebted to the association for a sum in excess of $55,000. In an effort to settle his differences with the association, Gould agreed to transfer to the association all of his property in the parish of Orleans. In the carrying out of this agreement a notarial act of transfer was passed, and under this act he transferred to the association certain properties specifically described and "all other real estate belonging to the said Edgar G. Gould and situated in the Parish of Orleans, State of Louisiana."

The property, No. 472 Lowerline street, in New Orleans, was not specifically described in the act of transfer, and, shortly after the passage of the act of transfer, defendant Gould made a purported transfer of the said property, which stood in his name, to Samuel V. Edmiston, the other defendant in the present case. Edmiston did not take physical possession of the property, but immediately leased it to Gould for $40 per month, and Gould remained in possession from that time until he was dispossessed by judgment of the Supreme Court in the matter entitled Ideal Savings & Homestead Association v. Gould et al., 163 La. 442, 112 So. 40.

The suit to which we have just referred as having been decided by the Supreme Court was brought for the purpose of setting aside, as simulated, the sale by Gould to Edmiston. In that suit no claim was made for the value of the use of the property during the time it remained in the possession of Gould or Edmiston, or both.

The present suit, however, is brought for the purpose of collecting from the two named defendants, jointly and solidarily, the said rental value, which it is alleged amounts to $1,960, being at the rate of $40 per month.

Payment is resisted on the ground that the judgment of the Supreme Court in the suit between the same parties constitutes "res adjudicata" for the reason that, although no claim for rents and revenues was included in the pleadings in that suit, the evidence admitted without objection showed that the monthly value of the use of the property was $40. It is now argued, in support of the plea mentioned, that the pleadings were enlarged by the evidence unobjected to, and that, as the decree of the Supreme Court did not award the plaintiff in that suit anything for rents and revenues, the effect of that judgment was to reject such an item. In support of this argument our attention is called to various decisions of the Supreme Court of this state. Parish Board of School Directors v. Alexander, 125 La. 808, 51 So. 906; Wells v. Blackman, 121 La. 394, 46 So. 437; Draper v. Richards, 20 La. Ann. 306; Houston River Canal Company v. Reid, 127 La. 630, 53 So. 887, 888. In the last of the cases mentioned the court said:

"The admission of evidence of * * * documents" outside the issue, "without objection, has the effect of enlarging the pleadings, so as to include issues so raised."

We readily recognize the rule that evidence, unobjected to, enlarges the pleadings, but we do not believe that such a rule goes to the extent of requiring us to hold that evidence unobjected to may be used to create an additional claim, which was entirely omitted from the pleadings. For instance, it is well recognized that the failure to plead contributory negligence may be cured by the introduction without objection of evidence showing facts which establish that there was contributory negligence, but we cannot go so far as to hold that, if evidence is introduced in support of a claim on one item which tends to show that the claimant is entitled to recover on other items, a judgment can be awarded the plaintiff on these other items. His right of recovery is plainly limited to the demand contained in his petition. Since, therefore, in the first suit mentioned, in which the title to the property was involved, there was no claim for rents and revenues, it is manifest that no judgment could have been rendered in favor of the homestead association on these rents and revenues. Since no judgment could have been rendered on that claim in its favor, it is very evident that the judgment which was rendered cannot constitute "res adjudicata" as to that claim. As the Supreme Court said in Laroussini v. Werlein, 50 La. Ann. 637, 23 So. 467:

"Where the judgment does not decide certain issues, and this is made manifest by the decree itself, the decision will not support the plea of res judicata."

In a case very much in point, Lalanne v. Newhauser, 1 Orleans App. 201, this court said:

"Where a suit claiming the ownership of certain movables illegally seized is decided in favor of the claimant, and she subsequently sues on an indemnity bond for their value, a plea of res judicata on the ground that the first judgment rejected all demands for damages will not prevail."

Defendants further contend that, if the claim for rents and revenues was not included in the original suit, it should have been, and that the demand that the simulated sale be set aside could not be separated from the claim for rents and reve-

nues, for the reason that the Code of Practice, art. 156, provides:

"If one demand less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus."

Many cases are cited in support of this contention, but we do not think any of them are applicable, because a claim for the return of property is a separate and distinct claim from that for the value of the use of property during unlawful detention. Two separate items are involved, and, while it is true that they may be joined in one action, it is equally true that the bringing of an action on one of the items will not preclude the later filing of a separate action on the other. Laroussini v. Werlein, supra; Aucoin v. New Orleans, 111 La. 745, 35 So. 888; Wilson v. Curtis, 13 La. Ann. 601.

Defendant Edmiston contends that he cannot be held liable for more than $160, because he did not actually take possession of the property, and during the occupancy of Gould, received from him rents for only four months or $160. The record shows that this is true, and it is unfortunate if Edmiston has been made a victim in this matter, but the fact remains that, during the time for which rent is claimed, the property stood in the name of Edmiston, and the further fact remains that the pretended sale to Edmiston was set aside by the Supreme Court as being simulated, and the inevitable legal conclusion results that those concerned in the simulated transaction are responsible solidarily for the loss caused the real owner of the property. The real owner, as the Supreme Court has said, is the present plaintiff. The value of the rent of the occupancy of the property, as all parties agree, was $40 per month, and the real owner was kept out of possession of its property for a period, which, at $40 per month, would make the total loss amount to $1,960, as claimed.

The judgment of the district court is therefore affirmed at the cost of appellants.