There is before us for consideration a motion to dismiss this appeal. This succession, which involves but a small amount, has been pending for some eleven years, and the record has grown to voluminous proportions. Several phases of the matter have been before us.
Pursuant to an order of the lower court, on February 16, 1949, the administratrix filed her final account which showed that the succession owed her for certain expenditures, commissions, and attorneys' fees. The universal legatee filed opposition to the account, and after a hearing thereon the court below expunged certain items from the account, and as thus amended the account was homologated. The administratrix appealed suspensively from the judgment of homologation, and this appeal is pending in this court under docket number 19,327.
After the account was filed, but previous to its homologation, upon their petition, decedent's legatees were recognized and placed into possession of the succession effects. The lower court refused to grant a suspensive appeal from the judgment of possession, and the administratrix sought in this court a writ of mandamus to compel the granting to her of the appeal. We denied the application for mandamus (see our docket number 19,256, opinion book 133), and the judgment of possession is now final.
A rule was then brought against the administratrix to show cause why she should not deliver unto the universal legatee certain movable property in the succession. The district court, on July 15, 1949, rendered a judgment making the rule absolute and ordered the delivery of the property, from which judgment the administratrix has taken this suspensive appeal. The universal legatee now moves for its dismissal, contending that the judgment ordering the delivery of the property is merely interlocutory, in that it carries into effect a final judgment, works no irreparable injury, and is, therefore unappealable.
Appellee directs our attention to the case of Durward et al. v. Jewett et al., 46 La. Ann. 706, 15 So. 292, 293, wherein the plaintiffs who claimed that they and others had an interest in certain funds, obtained an injunction commanding defendant trustees to retain possession thereof, and restraining them from disposing of the same. The injunction was perpetuated and the trustees were ordered to deposit the funds in the registry of the court, the rights of all parties claiming any title or interest therein being reserved. The defendants appealed devolutively. Plaintiffs then suggested that a distribution of the funds should be made, which could not be done without the appointment of an auditor. *Page 378 
An auditor was appointed to make a full and final settlement of the amount due each and every person having an interest in the funds, and to make a tableau of distribution. Upon the filing of the auditor's report, the plaintiffs brought a rule against defendants to show cause why the tableau and report filed should not be homologated and approved. The auditor's report was homologated and the funds ordered distributed accordingly, from which order the defendants appealed suspensively. A dismissal of the appeal was moved for upon the ground inter alia that the judgment was merely interlocutory and worked no irreparable injury to defendants. The Court, in dismissing the appeal, said: "We have repeatedly held that no appeal will lie from an interlocutory order which carries into effect a judgment which has become final, or from which no suspensive appeal has been taken. * * *"
There is no similarity between the cited case and the present appeal, because no succession property was involved in the former. We are concerned with a succession, and the distribution of a succession's property is fully governed by certain pertinent codal articles.
A judgment recognizing heirs and decreeing that they are entitled to receive the estate from the administrator does not close the succession nor authorize the heirs to obtain possession of the effects. It is the administrator's duty, when a judgment of possession is rendered, to file his final account, which he may require to be homologated, so that he may be given proper allowance for all credits to which he is entitled for commissions and disbursements in the administration, before delivering possession to the heirs.
R.C.C. art. 1194 provides: "As soon as the heir (heir) or his attorney in fact has been thus put into possession of the succession, or of the effects claimed by him, the curator is bound to render a faithful and exact account of his administration to him, and to pay the balance due, deducting a commission of two and a half per cent. on the amount of the effects of the succession, or of the portion by him administered, according to the inventory, not taking into the estimate the bad debts."
The controlling provisions of the Code of Practice are as follows:
"Art. 1003. If from the examination of the testimony produced in support of the prayer the judge discovers that the petitioners are entitled to the succession, he shall put them in possession of it, and shall direct the curator or executor to render an account within a reasonable time to be fixed by him."
"Art. 1007. If, from a scrutiny of the account, the curator or executor shall appear to owe a balance, he shall be sentenced to pay it to the heirs or other claimants, with interest from the day of judgment; if the balance is in his favor, the petitioners shall be adjudged to pay him in the same manner, and he may, until such payment be made, retain the property of the succession which may be in his hands."
In Succession of Landry, 117 La. 193, 41 So. 490, 492, the Supreme Court said:
"The judgment recognizing the heirs, and decreeing that they were entitled to receive the estate from the executrix, did not close the succession. Even a judgment ordering the heirs to be put in possession must be accompanied by an order directing the succession representative to render an account, which the heirs or creditors may oppose. Code Prac. arts. 1003, 1004; Succession of Sterry, 38 La. Ann. 854.
"Pending the homologation of the account, the succession representative has the right to retain the property of the succession to secure the payment of any balance that may be found due him. Code Prac. art. 1007."
In the early case of Succession of George, 4 La. Ann. 223, the Court held that the administrator may not "require security from the heirs for amounts due to the creditors before delivering possession to them, but he may require the previous homologation of his accounts, and the allowance of all credits to which he is entitled for commissions and disbursements in the administration, * * *". *Page 379 
As the succession representative has the right to retain the succession's property to secure payment of any balance that may be determined to be due him, it is manifest, in view of the claim made by the administratrix in the final account that the succession is indebted unto her (which account has not yet been finally homologated by virtue of the appeal pending before us), that the administratrix is entitled to prosecute the suspensive appeal from the judgment ordering delivery of the property to the legatees.
The motion to dismiss the appeal from the order directing the administratrix to turn over the succession property to the universal legatee is hereby denied.
Motion denied.