MOTION TO DISMISS AN APPEAL
REID, Judge.
This case has been before this Court once before on application for writs (185 So.2d 586). In this decision we vacated the order of the Judge of Division B, vacating a previous order of his transferring this case from Division B to Division A and remanded the case. The Judge of Division A then tried a motion to rescind the transfer and after considering the motion to vacate the transfer from Division B to Division A signed a judgment on October 21 refusing to vacate said order and holding that the case was in Division A. From this judgment the defendants have taken this appeal.
Plaintiff has filed its motion to dismiss on the ground that an appeal from an interlocutory judgment cannot be taken unless irreparable injury is shown. He bases this on Article 2083 of Louisiana Code of Civil Procedure, which provides as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Plaintiff relies on the case of Succession of Williams, 153 La. 206, 95 So. 607, which reads as follows:
“Counsel for appellee argues that no appeal can be taken from an order setting aside a previous order to transfer a case from one division of the civil district court to another. In this he is right. Bajourin v. Ramelli, 34 La.Ann. 1216. If the appeal from that order was the only appeal in the case, we would have to dismiss it.”
Counsel for the defendant appellant relies largely on the case of State ex rel. Cole v. Judge of the Fifth Judicial District Court, 29 La.Ann. 803 (1877). He seems to base this contention that his case is in point because of the second paragraph of the syllabus, which holds that injury to a party is irreparable when the final judgment on appeal cannot place him where he stood before the interlocutory decree complained of was rendered.
However, this Court also holds in this particular case, supra, that an interlocutory decree rescinding a former order of the Court made at its preceding terms was no irreparable injury on the complainant and cannot be separately appealed from, but must come up from the case on appeal on the merits. It also holds that delay, increased labor, and expense do not make up a case of irreparable injury.
We do not feel that any irreparable injury has been shown in this case. The appellant argues that under the jurisprudence injury is irreparable under Article 2083 when the final judgment on appeal cannot place the party where he stood before the interlocutory decree complained of was rendered, citing the case of State ex rel. Cole v. Judge of the Fifth Judicial District Court, supra. However, this case does not hold this, and to the contrary says that any delay, labor and expense do not make up a case of irreparable injury. The appellant does not set forth in his brief any irreparable injury, and under the pro *745 visions of Artide 2083 and the cases here-inabove cited we feel that the motion to dismiss the case should be maintained.
We therefore order that the motion to dismiss the appeal herein be maintained, the appeal dismissed and the matter remanded to the Court for further proceedings there.
Motion to dismiss maintained, appeal dismissed and case remanded.