### W. A. WILSON *v.* LEWIS R. CURTIS et als.

13 601
f123 797

Where the title to property, seized by the creditors of the vendor, was decreed to be fraudulent and simulated, in a suit to which the vendee was a party—*Held:* That such judgment is *res judicata*, as to the vendee's claim to the title, but not as to his other claims upon the property ; and if he have any privilege or right to claim any portion of the price, he should have an opportunity of showing it

*Held*, also, that he was not entitled to enjoin the sale of the property, but his privileges should have been enforced upon the proceeds of the sale.

It is not necessary that an affidavit for injunction made by an agent, should set forth the absence of the principal, it is sufficient to prove on the trial that he was absent at the time the affidavit was made.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies*, J. *H. C. & T. G. Wilson*, for plaintiff and appellant. *A. L. Tucker*, for defendant.

COLE, J. *B. S. Blacketer* having absconded, *L. R. Curtis*, one of his creditors, instituted a suit against him, and attached his property.

*William A. Wilson*, the plaintiff in this proceeding, intervened in that, alleging himself to be the owner of the property attached therein.

The lower court considering the sale of the said property from *Blacketer* to *Wilson* to be simulated and fraudulent, rendered judgment against the intervenor, and in favor of *Curtis*.

The latter having caused a *fi. fa.* to issue, was arrested in its execution by an injunction, which is the present action.

The grounds of the injunction are as follows :

1. That the title of the property seized is in *Wilson*, the plaintiff in the injunction.

2. But if the court be of opinion that he is not the real owner, then he alleges that he has paid certain notes that were due *Trousdale*, the vendor of the property to *Blacketer*, and secured by mortgage on the property.

That the mortgage and vendor's privilege of *Trousdale* were superior to the claim of any other person, and by these payments he is subrogated to the liens and mortgages aforesaid.

3. That *Blacketer* is indebted to him in the further sum of $12,680, for money advanced him and for mules furnished him for sale.

4. That he has erected a stable, in lieu of the old one consumed by fire, at the cost of one thousand dollars, for which he claims a privilege.

He prays to be decreed to have a valid title to the property, and, if this be not granted, then that his privilege be. recognized on the property, and that it be seized and sold to satisfy his claims, and prays that defendants may be enjoined from proceeding further with the sale of the same.

The plea of *res judicata* was filed by defendants and sustained by the court.

It is valid against the claim of plaintiff to the title to the property, but not against his other claims.

It is true, that in the former suit many of these claims were considered in determining the character of the sale of *Blacketer* to him. They were plead in defence of his title, but although his title was declared to be fraudulent, this did not decide that he may not have paid a part of the price.

If he have any privilege, or a right to claim any portion of the price, he should

76

·have an opportunity of showing it.   C. C. 1977.   He was not entitled to enjoin the sale of the property.   His privilege ought to have been enforced on the proceeds of the sale.   C. P. 300.

Defendants objected to the affidavit for the injunction, because it was made by the agent of plaintiff, and it did not state the latter was absent.

Sec. 16 of the Act of 1839, Session Acts, p. 168, does not require the absence of the principal to be declared in the affidavit of the agent.

It suffices to prove on the trial the absence of the principal when the agent made the affidavit.

It is, therefore, ordered, adjudged and decreed, that the judgment be amended, so that the rights, privileges or mortgages of every kind that plaintiff may have, if any such there be, are reserved to him to be enforced on the proceeds of the sale of the property, and that the judgment so amended be affirmed, and that the costs of the appeal be paid by the appellee.