### No. 1957.
### First Circuit Appeal.

---

### J. RENE FONTENOT v. MRS. ALICE LaFLEUR, ET AL.

---

(May 15, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Marriage—Par. 172, 173, 175.

The notes on which the plaintiff sues, secured by vendor's privilege, special mortgage and pact de non alienando were on a community contract. Therefore under Arts. 2402 and 2403 of the Civil Code the wife was bound as much thereby as her husband.

2. Louisiana Digest—Mortgages—Par. 108.

The pact de non alienando stipulated in a contract of sale and mortgage of real estate by husband and wife in community cannot be circumvented by a dation en paiement in favor of the wife.

3. Louisiana Digest—Ownership—Par. 8, 9.

Where one believes that he is owner of property but is not the owner, his belief does not make him the owner. Therefore, the extinguishment provided for by Articles 2130 and 3411 of the Civil Code was not accomplished.

4. Louisiana Digest—Mortgages—Par. 116; Subrogation—Par. 8.

One who purchases property from another in good faith is equitably and legally the subrogee of the party from whom he buys and entitled to exercise the rights of his vendor.

(Article 2161 of the Civil Code, Clauses 2 and 3, Editor's note.)

Appeal from the Thirteenth Judicial District, Parish of Evangeline. Hon. B. H. Pavey, Judge.

This is a suit brought for the collection of two promissory notes for $225.00 against Mrs. Alice LaFleur and her husband.

There was judgment for plaintiff and defendant appealed. Judgment affirmed.

J. H. Dore, of Ville Platte, attorney for plaintiff, appellee.

Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for defendants, appellants.

ELLIOTT, J. Ferdinand LaFleur bought from Louis J. Petrie lots 18, 19, 20 of block No. 2—Latour addition to the town of Ville Platte; with the buildings and improvements thereon by authentic act of sale dated February 10, 1917.

The price of the sale was $1000.00 of which $100.00 was paid in cash. The balance of the price was represented by 4 promissory notes, each for $225.00 payable March 1, 1918, 1919, 1920 and 1921, respectively, to the order of Louis J. Petrie, with 8 per cent per annum interest from date, with 10 per cent attorney's fees on the amount sued for, in case of suit on the same. The vendor's privilege was retained and special mortgage granted on the property in the act in favor of the vendor and any future holder or holders of said notes to secure their payment, and the purchaser obligated himself "not to encumber or alienate said property to the predjudice of this act".

On November 21, 1917, Ferdinand LaFleur, as a *dation en paiement*, transferred this property to his wife, Mrs. Alice LaFleur. The original act was destroyed but a certified copy was recorded September 26, 1919.

On October 28, 1919, Ferdinand LaFleur sold the same property by authentic act to plaintiff, J. Rene Fontenot, for $1500.00,

of which amount $1050.00 was paid in cash and for the balance of the purchase price said purchaser assumed payment of the 2 promissory notes which Ferdinand La-Fleur had given to Louis J. Petrie in buying the property from him. Mr. LaFleur had already paid 2 of the notes which he had given to Petrie, leaving 2 unpaid, which Mr. Fontenot assumed as part of the price to be paid by him to LaFleur.

Mr. LaFleur reserved and was granted in his sale to Fontenot the right to live on the property for one year without paying any rent, and was to keep the property in the same condition as if it was still his.

Mr. Fontenot, in buying the property from Ferdinand LaFleur, was not aware of the title Mr. LaFleur had executed in favor of Alice LaFleur, and which had been recorded as above stated, and paid one of the notes which he had assumed without becoming aware of her title; but he had become aware of her title at the time he paid the last one.

Mr. Fontenot believing his own title good brought a petitory action against Mrs. La-Fleur to have his title recognized as superior to hers and be placed in possession of the property; but judgment was rendered in favor of Mrs. LaFleur, recognizing her as the owner and rejecting Mr. Fontenot's demand.

Mr. Fontenot then brought suit against Ferdinand LaFleur alleging the sum paid him in cash, also the payment of the 2 notes on his account, which LaFleur had given to Petrie; and requested that the property be sold to pay these notes. Mrs. LaFleur was made party to this suit, but no judgment was prayed for against her. Mr. LaFleur made no defense, but Mrs. La-Fleur appeared and objected to the suit on the ground that plaintiff's petition disclosed no cause of action against her; which was sustained and the suit against her, as well

as plaintiff's demand for the sale of the property was rejected; the judgment reserving to Mr. Fontenot the right to bring another suit with proper allegations for that purpose.

Mr. Fontenot brought the present action against Mrs. LaFleur and her husband, to authorize her, the object and purpose of which is to recover judgment against her for $450 with 8 per cent interest from March 1, 1917, until paid, and 10 per cent attorney's fees; that being the sum he had paid to the administrator of the succession of Louis J. Petrie on said 2 notes which Fontenot had assumed in buying the property from Mr. LaFleur and which he, LaFleur, had given to Petrie in buying the property from him; and to revive, restore and enforce against Mrs. LaFleur the vendor's privilege, special mortgage and *pact de non alienando* stipulated in the act of sale from Louis J. Petrie to Ferdinand LaFleur; and to have said property sold to pay said amount.

The defendant, Mrs. LaFleur, interposed an exception of no cause of action and under reserve thereof urges for answer, in substance and effect, that Mr. Fontenot having paid the notes in question, the same with said privilege, mortgage and *pact de non alienando* stipulated in the sale from Petrie to LaFleur had been extinguished and therefore could not be revived, restored and enforced against said property. Judgment was rendered in favor of plaintiff as prayed for. Mrs. LaFleur has appealed.

### OPINION.

The exception of no cause of action was properly overruled. The purchase by Ferdinand LaFleur from Louis J. Petrie in which the 2 notes, the basis of the present action, was given, vendor's privilege retained, special mortgage granted to secure same, and *pact de non alienando* stipulated, was a community contract, the 2 notes a commun-

ity debt, the privilege, mortgage and *pact de non alienando* community obligations, as binding on Mrs. LaFleur as on her husband, C. C. Arts. 2402 and 2403.

With Mrs. LaFleur's contention that she is a third possessor and that plaintiff should be required to bring against her an hypothecary action under the law. C. C. Art. 3402 and C. P. Arts. 68 and 69, we cannot agree.

The partner in community with Mr. La-Fleur, claiming title and possession under the community title from Petrie to La-Fleur, is not a third person within the meaning of the law: But even if so, the *pact de alienando* stipulated cannot be circumvented by the *dation en paiement* in her favor.

Mrs. LaFleur occupies the position of her husband. He could not avoid the direct seizure and sale of the property by Petrie or other party exercising his rights; neither can Mrs. LaFleur. C. C. Arts. 3397 and 3409. Nathan vs. Lee, 2 Mart. (N. S.) 32; Donaldson vs. Maurin, 1 La. 29; Citizens Bank vs. Miller, 44 La. Ann. 199, 10 South. 779, and further cases cited in Louisiana Digest, Volume 5, pp. 275, 276, 277.

She further contends that plaintiff cannot be recognized as subrogee of Petrie under the law C. C. Art. 2161, clauses 2 and 3; because the *dation en paiement* from her husband having been executed and recorded prior to plaintiff's purchase from her husband, he, plaintiff, must be considered to have purchased and paid the notes in bad faith; that only purchasers in good faith have that right: Citing Baudry— *Lacantinerie et Barde des Obligations.*

The evidence shows that plaintiff, before buying from Mr. LaFleur, had his title examined by a notary public, and the notary public advised plaintiff that Mr. LaFleur could make him a valid title. Mr. Fontenot bought the property honestly and on this assurance, and was not aware of the

*dation en paiement* from Mr. LaFleur to his wife. Mr. Fontenot paid one of the 2 notes which Mr. LaFleur had given to Petrie in buying the property from him, before he became aware of the prior and adverse title of Mrs. LaFleur; but had learned of her title at the time he paid the note last maturing; but he was of the opinion that he had the superior title and brought suit against her to have it so decreed. He was mistaken in that regard, cast in the suit and his claim of title was objected: If he had not paid the 2 notes which LaFleur had given to Petrie then Mrs. LaFleur would have been compelled to do so.

The administrator of the succession of Petrie could and would, no doubt, have enforced against her the same vendor's privilege, special mortgage and *pact de non alienando* which is now advanced by the plaintiff.

It is not claimed that Mrs. LaFleur had any interest in paying the notes herself that would have been furthered if Mr. Fontenot had not paid them; nor that she would have gained anything or been any better off if Mr. Fontenot had not paid them. The payment by Mr. Fontenot benefited her and preserved the property.

Mr. Fontenot's belief that he was the owner of the property under his title from Mr. LaFleur did not make him the owner. This court decided that he did not become the owner and he never was the owner; therefore the extinguishment provided for by the law C. C. Arts. 2130 and 3411 was not accomplished.

We conclude that Mr. Fontenot is equitably and legally the subrogee of Petrie and entitled to exercise the rights of Petrie in his title to Ferdinand LaFleur. C. C. Art. 2161, Clauses 2 and 3, and C. C. Art. 2341, 2443, 3409. Pugh vs. Sample 123 La. 791, 49 South. 526; Booker vs. Lastrapes, 2 La. 55; Balph vs. Haggath, 2 La. Ann. 462; Wilson vs. Curtis, 13 La. Ann. 601;

John Chaffe & Bro. vs. Morgan, 30 La. Ann. 1307; New Orleans Insurance Assn. vs. Labranche, 31 La. Ann. 841; McKnight vs. Ragan, 33 La. Ann. 398; Dawson vs. Thorpe, 39 La. Ann. 366, 1 South. 686, therein cited.

Under the facts and circumstances of this case the judgment appealed from is correct and must be affirmed. It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed. The defendant and appellant to pay cost of both courts.