## No. 2177

### Second Circuit

---

### RYALL v. TODD, ET AL.

---

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)
(March 12, 1928. Affirmed by Supreme Court on Writ of Certiorari and Review.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Taxation—Par. 283, 374.**

Where A purchases property from B who had acquired it through foreclosure of a mortgage via executiva, containing the pact de non alienando against C; A being the record owner, has a right to attack a tax sale of the property in which he was not given notice of delinquency according to law.

2. **Louisiana Digest—Taxation—Par. 281, 285.**

Where the evidence shows that the property sold at tax sale was not assessed to the real owner in possession on the first day of the year, it is not necessary to inquire into whether legal notice of delinquency had been given, because, as to the owner in possession, the tax sale must have been irregular and illegal.

3. **Louisiana Digest—Taxation—Par. 374.**

The ownership of property illegally sold for taxes gives the right to contest a sale made for the enforcement of the payment of taxes.

4. **Louisiana Digest—Taxation—Par. 341, 377, 378.**

Where the owner of property is in actual physical possession under a title of record at the date of the tax sale, and had not been given due notice of delinquency, his possession continuing until suit is brought, the plea of prescription of three years is not applicable.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Sabine. Hon. J. H. Boone, Judge.

Action by W. P. Ryall against Mrs. Lottie Todd, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Ponder & Ponder, of Many, attorneys for plaintiff, appellee.

Hardin & Hardin, of Leesville; Foster, Hall & Smith, of Shreveport, attorneys for defendants, appellants.

WEBB, J. The plaintiff, W. P. Ryall, alleging ownership and possession of the NE¼ of SW¼ of Section 27, Township 9

North, Range 13 West, in Sabine parish, Louisiana, under deed from W. E. Tatum of date December 22, 1917, filed for record January 28, 1918, who is alleged to have acquired title by mesne conveyances from the United States, filed this suit on October 31, 1923, against the representatives of J. E. Todd, and W. C. Taylor, J. M. Foster, and S. E. McCarquodale, in which he allaged the facts above and that one J. A. Jackson had pretended to have acquired the title from Foster & Glassell Company, Limited, and had rendered the same for taxes and had deliberately refused to pay the taxes with the view of creating a fictitious tax title and that the property had been sold. at tax sale to J. E. Todd under the assessment made against J. A. Jackson for the year 1917 as per tax deed of date June 15, 1918, recorded June 24, 1918, and that said sale had been made without notice to plaintiff who was at the time of the tax sale in actual, physical possession of the property under his title.

That J. E. Todd had transferred the property to W. C. Taylor, J. M. Foster and S. E. McCarquodale, which transfer had been recorded on the conveyance records of Sabine parish and that the said tax deed was null and void and the recordation of same and transfers by the said Todd constituted a cloud upon plaintiff's title, and he prays for judgment decreeing the tax sale and all subsequent transfers null and ordering the same erased from. the records.

The defendants answered admitting the tax sale and deed to J. E. Todd, and otherwise denying plaintiff's allegations, and alleging the validity of the tax title, and pleaded the prescription of three years.

On trial, judgment was rendered against defendants, declaring the tax deed null and void, and ordering it erased from the record, and also declaring subsequent transfers null and void and ordering them erased from the record from which judgment the defendants appeal.

## OPINION.

The evidence offered on behalf of the plaintiff was a deed from J. T. Webb to J. D. Woodward of date March 4, 1911, recorded March 7, 1911, under which the vendor retained a vendors' lien and mortgage to secure a portion of the price and proceedings via executiva by W. E. Tatum, the holder of the mortgage, against J. D. Woodward, and sheriff's deed thereunder to W. E. Tatum of date June 2, 1917, recorded June 5, 1917, and a deed by W. E. Tatum to plaintiff, W. P. Ryall, of date December 22, 1917, recorded January 28, 1918, and parol testimony showing that W. P. Ryall had possession of a part of the property at the time the deed was made to him by Tatum, and that Ryall planted and cultivated a portion of the property in 1918 and had remained in continuous possession of the property; that the property had been assessed to him and he had paid the taxes thereon from 1918 to the date of the suit.

Plaintiff also offered and filed in evidence a deed of the property from J. D. Woodward to J. E. Graham of date September 2, 1912, recorded November 6, 1912, and from Foster & Glassell Company, Limited, to J. A. Jackson of date February 12, 1917, recorded March 10, 1917, and also the tax deed from J. A. Jackson to J. E. Todd of date June 15, 1918, recorded June 24, 1918, which purports to have been for the taxes assessed against the property in the year 1917; and plaintiff also offered in evidence a petition and preliminary orders filed and obtained on June 25, 1915, in proceedings via executiva by Foster & Glassell Company, Limited, versus J. E. Graham against the property in contest,

and a deed from J. E. Graham, by the sheriff, which purports to have been made under a seizure and sale under a writ of *fieri facias* of date September 11, 1915, recorded October 11, 1915; but said last named deed *does not include the property in contest.*

The defendant also offered the deed from J. D. Woodward to J. E. Graham and also the assessment rolls for the year 1917 showing the assessment of the property in contest to J. A. Jackson and a transfer or deed of the property by J. E. Todd to W. C. Taylor, J. M. Foster and S. E. McCorquodale (in the proportions of one-half to Taylor and one-fourth each to the other vendees) of date December 19, 1919, recorded December 23, 1919, and a deed from S. E. McCorquodale to P. B. Meyer of his one-fourth interest, of date July 5, 1920, recorded on the same date.

The property involved in this controversy we assume is of little value and the parties appear to have considered only the most salient points, and we confine the opinion to the questions presented by counsel or questions necessarily connected with the questions presented.

The defendants contend that the judgment should be reversed on the following grounds.

First, that plaintiff is without right to question the validity of the tax title under which defendants claim.

Second, that the evidence fails to show that the tax title was invalid.

### I.

The basis of this contention, which was not set up in the answer, is that the evidence offered showing the proceedings via executiva by Foster & Glassell Company, Limited, of date June 25, 1915, against

J. E. Graham, who had acquired the property from J. D. Woodward by deed on September 2, 1912, recorded November 6, 1912, and the deed by J. E. Graham, through the sheriff (proceeding under a writ of fi. fa.) of date September 11, 1915, recorded October 11, 1915, had divested the title of J. D. Woodward long prior to the proceedings via executiva taken by W. E. Tatum against J. D. Woodward under which the deed was made to Tatum by the sheriff of date June 2, 1917, recorded June 5, 1917, and that Tatum did not acquire any title through the sheriff's sale from J. D. Woodward and that plaintiff, of course, did not acquire any title under the deed made by W. E. Tatum of date December 22, 1917, recorded January 28, 1918.

The evidence, however, does not show that any sale was made under the proceedings via executiva taken by Foster & Glassell Company, Limited, and the sale made by the sheriff purportedly acting under a writ of fieri facias does not include the property in contest, and hence on the face of the record such transactions did not divest J. E. Graham of title, and while the deed from J. D. Woodward to J. E. Graham, of date September 2, 1912, recorded November 12, 1912, did as between Woodward and Graham, divest the former of title, it did not affect the right of the holder of the notes secured by vendor's lien and mortgage containing the pact de non alienando from proceeding directly against the property through J. D. Woodward. (Stevens vs. Pinneo, 26 La. Ann. 617; Bank vs. Miller, 44 La. Ann. 199, 10 South. 779; Dodds vs. Lanaux, 45 La. Ann. 287, 12 South. 345; Fontenot vs. LaFleur, 2 La. App. 602) and the sale by the sheriff under the proceedings via executiva instituted by W. E. Tatum against J. D. Woodward of date June 2, 1917, recorded June 5, 1917, divested Graham of any title which he ac-

quired from Woodward, and W. P. Ryall, plaintiff, having acquired from Tatum certainly had the right, on the face of the record, to attack the tax title, being at the time of the tax sale the real, legal record owner and in possession.

## II.

The plaintiff attacked the tax sale on the ground that he having been in possession of the property under a recorded title, that no notice was given to him of the nonpayment of the taxes and of the intention to sell prior to the tax sale, and defendants contend the evidence fails to show that notice was not given, and plaintiff while contending that under the evidence showing his title was not deraigned through Jackson (the person in whose name the property was assessed) and his statement that he did not know the taxes were due, or that the property had been offered and sold at tax sale until long after the date of the sale, cast the burden of proof on defendants to show notice, but if this be not true that the evidence showing that J. A. Jackson acquired by deed of date February 12, 1917, recorded March 10, 1917, the assessment of the property to Jackson for the year 1917 was irregular and plaintiff being the real owner in possesion under a recorded title at the time of the tax sale, the sale under the assessment was as to him illegal, and finally, in event of neither of the positions being tenable, plaintiff asks that the cause be remanded to permit him to introduce additional testimony on the question of notice.

While there may be some doubt as to whether or not the evidence establishes that notice was not given to Ryall, and that the cause should be remanded for further evidence, we do not deem it necessary to consider either of these propositions as we are of the opinion that the evidence which shows that the property was not assessed to the owner of record on the 1st day of January, 1917, was, as to the plaintiff, the real owner in possession under a recorded title at the date of the tax sale irregular and illegal.

On the 1st day of January, 1917, J. E. Graham appeared as the owner of record and in the regular course of assessment the property should have been assessed to him for the year 1917 (Palfrey vs. Conely, 106 La. 699, 31 South. 148; Bunkie Brick Works vs. Police Jury, 113 La. 1062, 37 South. 970); and it not appearing that the title had passed out of J. E. Graham to Jackson we assume it will be conceded that the assessment of the property to Jackson who did not acquire title till February 12, 1917, recorded March 10, 1917, and which does not appear to have been derived through Graham, was, as to the latter, illegal, and if the assessment was illegal as to Graham we do not see any reason why it was not illegal as to Ryall, the plaintiff.

The ownership of the property gives the right to question the sale made to enforce the payment of taxes, and it appearing from the evidence submitted that plaintiff was the owner at the time of the sale, he had the right to question any proceedings connected with the sale, and it appearing that J. A. Jackson was not the owner of record on the 1st day of January, 1917, the assessment made against him was, as to plaintiff, illegal.

The evidence shows that plaintiff was in actual physical possession under a title of record at the date of the tax sale, and that he has continued in possession, and the plea of prescription of three years is not applicable.

The judgment appealed from is therefore affirmed.